No. 10,888.

MRS. M. M. FISHER AND HUSBAND VS. BOARD OF DIRECTORS OF CITY SCHOOLS OF NEW ORLEANS ET AL.

The Board of Directors for the Public Schools of New Orleans have the control of the school funds placed in their charge for the maintenance of the schools.

It devolves upon this board to compel corporations to comply with their ordinances levying taxes for the schools, if they fail to comply with their obligation in this respect.

The Board of Directors of Schools have authority to stand in judgment; to institute or to defend suits. A creditor of the School Board has no right of action against the City of New Orleans to compel the city to recognize the validity of his claim.

Mrs. Fisher and Husband vs. School Directors et al.

School certificates of indebtedness issued by the Board of Directors of the Public Schools for the years 1874, 1875 and 1876 are not debts of the City of New Orleans, and actions for the purpose of having them recognized as valid claims can be maintained against the School Board, as it is authorized to pass on the validity of the evidence of indebtedness of every one who alleges that he is a creditor.

The City of New Orleans turns over amounts collected for schools to the Treasurer of the School Board. This officer notes the taxes of different years and applies the amount to the payment of certificates from the taxes of those years from which the creditors are entitled to payment.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*Charles Louque* for Plaintiffs and Appellees.

*Carleton Hunt, City Attorney,* for Defendants and Appellants.

The opinion of the court was delivered by

BREAUX, J. Plaintiff sues as owner of school certificates to recover the sum of $8097.17, with legal interest from judicial demand.

These certificates were issued to teachers in 1874, 1875 and 1876, by the board of directors of the public schools for salaries earned during those years.

The petitioner prays for a judgment against the board of directors of the city schools, payable from the school tax levied prior to 1879 by the city of New Orleans.

The defendants deny any indebtedness.

Judgment was rendered recognizing plaintiff as a creditor of the school fund of the city of New Orleans for the amount claimed, with legal interest from judicial demand, to be paid in due course out of the school tax levied prior to 1879.

From this judgment the school board and the mayor of the city of New Orleans appeal.

Plaintiff does not contend that her certificates are due by the City of New Orleans, but sues, she states in her brief, " to have whatever claims she has against the school fund recognized and paid whenever the city is enabled to collect these funds."

Under the school law as it was when these certificates were issued the city can not be held as a debtor of the said plaintiff.

The school board was an independent authority organized under a separate act of incorporation vesting them with distinct functions free from all other local government.  The schools were not city schools, but schools established by the State to instruct the children in the several parishes.

They were styled the common schools of the State, and were placed under the management of a " State Board of Education." The State was divided into six school divisions, and superintendents were appointed in each, with salaries payable by the State treasurer out of the public school fund.

The members of the school board for the city were appointed by the State board of education.

These boards employed teachers, fixed salaries and incurred expenses for which they were responsible.

They also issued certificates to teachers representing their salaries.

The statute required an estimate of debts and expenditures by this board in October, each year, which was submitted to the City Council.

The latter complied with the requirement, and during the years 1874, 1875 and 1876 the sum of $844,677.16 was collected for the schools and there was deposited in the hands of the School Treasurer an amount of cash and certificates which more than balanced the said amounts collected.

The records disclose that in compliance with an ordinance to carry into effect provisions of Act 49 of the General Assembly of 1880, the authorized officers of the City of New Orleans received in payment of municipal taxes due anterior to 1879 a part of the school certificates issued prior to that year.

There are uncollected balances for the schools due by tax debtors which will form part of the fund for the payment of teachers' salary of 1874, 1875 and 1876.

The question is one of recognition of the claim *vel non*.

Judgment against the School Board recognizing the claim serves every purpose of a recognition.

This body has authority to pass on the validity of any evidence of indebtedness against the school fund; to stand in judgment, to institute and defend suits.

One of its creditors has no right of action against the City of New Orleans to compel her to recognize the validity of a claim.

If she fails to comply with the law relating to school funds, the board has authority to enforce compliance.

It is not suggested by the pleadings that there has been any failure in this respect.

This court has decided that there is " no privity between the City of New Orleans and the holders of school certificates, who are exclusively creditors of the School Board." Labatt vs. New Orleans, 38 An. 289.

The holders of these certificates had, under Art. 36 of 1873, the right to recover payment out of the funds in the hands of the School Treasurer, levied for the years during which the salary was earned.

Under that act the board in contracting debts was limited to the revenue of the year during which the salary was earned.

Similar restriction is contained in Act No. 123 of 1874.

According to the terms of the last mentioned act the remainder, after payment of the year for which collected, was to be applied to the expenses of the succeeding year.

Under Act 49 of 1880, school certificates issued for 1874, 1875 and 1876 were made receivable for any taxes due prior to 1879.

This had the effect of creating one fund for school indebtedness prior to said year.

Under the present law, Art. 81 of 1888, the Board of Directors have no authority to bind the city to the payment of any amount.

They administer school affairs without any possible control on the part of the city authorities.

The treasurer of New Orleans is *ex-officio* treasurer of the board and receives all funds collected for the support of the public schools.

Upon him devolves the payment of pay rolls and evidence of indebtedness to teachers and other employés of the board.

He pays upon the order of the School Board.

Judgment against the School Board for a recognition of the claim serves every needful purpose for which suit has been brought.

The judgment appealed from is amended by dismissing the claim against the city and affirming the judgment against the Board of School Directors.

As amended judgment is affirmed at appellee's cost.