## No. 11,119.

### F. J. GASQUET VS. BOARD OF DIRECTORS OF CITY SCHOOLS.

.1. All questions as to the validity of the school certificates herein involved, as to the authority under which they were issued, and as to the right of the owner thereof to proceed against the School Board and recover the precise judgment herein asked, were settled by our decision in Fisher vs. School Board, and will not be reopened.

2. These certificates were not payable at any fixed date, but out of particular funds, and only when such funds so applicable are actually covered into the treasury, and prescription only runs from the date when such funds were found in the treasury. It is not proved, and we can not assume, that such funds existed beyond the term of either the five or ten years' prescription. Kingbridge vs. Otoe, 124 U. S. 459.

3. The title of plaintiff depends on proof of endorsement of the certificates by parties to whom they were payable. As to the mass of certificates, sufficient proof is made, but as to certain designated classes proof is wanting·

APPEAL from the Civil District Court for the Parish of Orleans. King, J.

*Louque & McGloin* for Plaintiff and Appellee:

1. Where an acknowledgment without a date appears, the burthen is upon the party pleading prescription, to establish the date. 31 An. 89; 15 An. 332; 12 An. 151; 10 An. 673; 10 R. 53; 30 An. 207.

2. In default of such proof of date, the acknowledgment will be held good to interrupt. Same authorities.

3. The stamping, by the State of Louisiana, on certificates in favor of claims against the School Board of New Orleans, of payment of the State's pro rata, interrupts prescription.

4. Where an annual tax is levied to pay certain claims, and the creditor can be paid only out of the proceeds of such tax; until it is made to appear that there was a fund to pay the claim, prescription can not run. King Bridge Company vs. Otoe Company, 124 U. S. 459.

*H. C. Cage and E. A. O'Sullivan*, City Attorney, for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J. The plaintiff sues as owner of school certificates issued by the board of directors of city schools for unpaid salaries of

teachers, and expenses of maintaining the public schools of the city for the years 1872 to 1879, inclusive.

We have compared these certificates with those sued on in the case of Fisher vs. School Board, recently decided by us, and reported at 44 An. 185 and find them to be in all respects of the same character as to form and as to the authority by which they were issued.

Precisely the same relief is asked in this case as was granted in that.

We are bound to hold that all questions as to the intrinsic validity of such certificates, as to the authority under which they were issued and as to the right of the owner thereof to proceed against the school board, and to recover the precise judgment herein asked, are conclusively settled by that opinion. In these respects there is no difference between the two cases except in the names of the plaintiffs, and we can not hold that there is one law for Fisher and another for Gasquet. That decision silences several of defendant's contentions and leaves open but two new questions.

1. The pleas of prescription.

2. The sufficiency of the proof of plaintiff's title to the certificates.

We think the pleas of prescription are not well founded. Act 36 of 1873 makes it very clear that the claims evidenced by these certificates were not payable absolutely or at any particular time. They are payable only out of the revenues of the years for which they are issued, and only when said revenues are collected and in the manner therein provided; and the act further declared that "No writ of *fi. fa.* or mandamus shall lie for seizure of any school moneys, or to direct or enforce its paying out otherwise than in the manner and sequence required in this act."

This law formed a part of the contracts out of which the claims arose, and deprived the claimants of any legal remedy to enforce payment except out of particular revenues when actually collected and covered into the treasury.

The case is very much stronger and clearer than that of King Bridge Co. vs. Otoe Co., 124 U. S. 459, in which the Supreme Court of the United States held that county warrants, payable only when there are funds in the treasury applicable thereto, are not actionable until the money for its payment is collected, and, therefore, not subject to the statute of limitations except from the same time.

There is neither allegation nor proof in this case that there have been, at any particular time, funds in the school board treasury applicable to the payment of these claims, and we can not assume that such funds existed beyond the term of either five or ten years. The party who pleads prescription is bound to prove the facts necessary to sustain it. Phipps vs. Snodgrass, 31 An. 89; Succession of Montamat, 15 An. 332; Laidlaw vs. Landry, 12 An. 151; Malveau vs. Lavergne, 10 An. 673; Andrews vs. Rhodes, 10 R. 53.

There is nothing to suggest that plaintiff or his authors have "slept upon their rights." If they had it would have been easy for defendant to prove it. The present action itself is not properly an action of debt, but is, in effect, simply an action to compel recognition of the certificates as entitled to participation in the distribution of the funds applicable thereto now or hereafter collected.

The certificates sued on are about 1200 in number, and they are made payable to certain individuals named therein. They are not negotiable in terms, and the endorsements by the payees only operate as assignments, and proof thereof is essential to establish a legal title in the third holder. The evidence, however, shows that these certificates, when endorsed, passed from hand to hand as marketable securities, and that both the State and city had followed the custom of recognizing the holders of the endorsed certificates as entitled to their benefit, without particular proof of the genuineness of the endorsements, and both had adopted the rule of paying nothing without the actual production of the certificates. All of these certificates bear stamps evidencing partial payments of the quota due by the State. Nothing in the evidence suggests the slightest impeachment of the validity and good faith of plaintiff's title, and the mere fact of his possession, under the circumstances, is a persuasive element of proof, and under the established custom of the city and State not to pay without production of the certificates, is a protection against double demands.

We are not, therefore, disposed to insist on too great strictness, and the evidence brought up is, in our opinion, sufficient to establish the genuineness of the endorsements on nearly all the certificates.

The main witness is one C. W. Boothby, who, during most of the period covered by the certificates, had been superintendent of the public schools, or a member of the board and chairman of the committee on teachers, in which capacity he received weekly and

monthly reports and many other communications from the teachers, and also had the duty of superintending the pay rolls and seeing that they were properly signed by the teachers and other employees.

He thus, from constant inspection, became, naturally, well acquainted with their signatures, and we find nothing incredible in his ability to recall them when exhibited to him, even after the lapse of years. He was subjected to a very rigid cross-examination, was unquestionably tripped in certain instances, and it must be admitted his testimony is open to some of the severe criticism which is heaped upon it; but, notwithstanding this, we remain under the conviction that, as to the mass of the certificates, his testimony is trustworthy and sufficient.

There are, however, a number of certificates as to which judgment of non-suit must be given.

We classify these as follows:

1. The certificates in the names of the following parties, specially referred to in the testimony, and as to which there is a clear failure of proof of endorsement, viz.: W. T. Richards, Mrs. M. Hanson, Mrs. D. Murr, Philip Vedon, Mrs. Dingman, Edward Jones, Mrs. Byrnes, Mrs. A. A. Fayerweather, Francis Rohl, Mrs. Malconson, D. Curry, Cora P. Beecher to order of P. A. Herbert, Miss M. W. Clinchey, A. K. Joseph, Mrs. D. Newell, Mrs. K. M. Stainslaus, N. A. Auguste, M. A. Nugent, Mrs. V. A. Vincent, Mrs. Rosa Marquet (the one marked F), Mrs. C. Smith, Miss F. Snodgrass, C. H. Washburn, M. A. Stewart, Miss A. Snodgrass, Miss C. O'Rourke (D 11), Miss Vandyke (D 12), and Mrs. D. R. Miller.

2. All the certificates which are not endorsed by the original parties but by others *per* procuration or power of attorney from them. As to these, in most instances, the signatures of the agents are not proven, and in none is the agency established.

3. One or more certificates which are not endorsed at all.

We can not undertake to make the researches and calculations necessary to ascertain the precise amount to be deducted from the judgment, but will so frame our decree as to remit that matter to the lower court.

It is therefore adjudged and decreed that the judgment appealed from be amended by deducting from the total amount thereof the amount of the three classes of certificates specifically described in the body of this opinion; that as to such certificates there be judg-

ment of non-suit, and that in other respects the judgment be and the same is hereby affirmed; and it is further ordered that this case be remanded to the lower court, with instructions to take proper steps to ascertain the amount of the certificates ordered to be deducted as above, and to deduct the same from the judgment heretofore rendered, and to enter judgment for the amount thus remaining due, with non-suit as to the deducted certificates—appellee to pay costs of this appeal, and of the further proceedings in the lower court necessary to ascertain the amount of his judgment.