*1078 The opinion of the court was delivered by
McEnery, J.
The plaintiff alieges that she is the owner of school certificates aggregating in value the sum of seven thousand five hundred and forty-seven dollars and eighty-one cents, and prays that the Board of Directors of the city schools of the city of New Orleans be condemned to pay her said amount out of the school tax levied by the city of New Orleans prior to 1879, and out of the surplus bond fund levied by the city of New Orleans under Act 136 of 1894. The Board of Liquidation of the city of New Orleans intervened in the suit, but its intervention was dismissed. There was judgment rendered in behalf of plaintiff for the sum of five thousand one hundred and forty dollars and thirty-one cents, with legal interest from judicial demand, payable in due course, out of the school tax levied by the city of New Orleans prior to the year 1879. In all other respects the demand of the plaintiff was rejected.
There was no demand made against the city of New Orleans, and the city is in no way liable for the amount sued for by plaintiff; the intervention was therefore properly dismissed.
The certificates owned by plaintiff were issued subsequent to the year 1872, and prior to January, 1879. Their status has been fixed by the decrees of this court. Labatt vs. City of New Orleans, 38 An. 283; Fisher vs. School Board, 44 An. 184; Gasquet vs. School Directors, 45 An. 342.
“They are payable only out of the revenues of the years for which they were issued, and only when said revenues are collected and in the manner therein provided.”
The plaintiff contends that by Act 136 of 1894, she is entitled to be paid out of the surplus bond taxes levied by the city of New Orleans. We do not think that said act, in any way, changed the status of plaintiff’s claims, as fixed by the decrees in the cases heretofore referred to.
Joint Resolution No. 110, of session 1890, proposing an amendment to the Constitution, which was adopted, provides that after paying annual interest on constitutional bonds, and bonds not retired, and the payment of the allotment of premium bonds and premiums extant in the fund at such time and of such amount as the Legislature prescribes, the surplus of the one per cent, tax employed' for the above purpose shall be disposed of as prescribed by the Legislature.
*1079 Act No. 36 in the same year was passed to carry out the amendment, if adopted, and in the amendment Act 36 is approved and confirmed, in all its parts, as a contract between the city of New Orleans and the holders of bonds. There is no right of any bondholder involved in this controversy, bat the act was to follow the amendment and become a part of it, so far as the subject matter referred to in the amendment is to be explained or interpreted, or rights acquired under it are affected. Section 8 of the act, referring to the surplus of the one mill tax, devotes one-half of it to a permanent public improvement fund; the other half of said surplus shall be paid over to the school board of the city of New Orleans, to be used in the maintenance and support of the public schools in said city.
The amendment gave the power to the Legislature to dispose of the surplus of the one per cent. tax. Under the power thus given and simultaneously with the adoption of the amendment, it disposed, of the one-half one per cent, tax to the school directors of the city of New Orleans, for the support and maintenance of the public schools of New Orleans. This disposition of the surplus tax can not be diverted from its destination by subsequent legislation. Paragraph 4, of Sec. 1, Act 136 of 1894, is in conflict with Act 36 of 1890, which, so far as the disposition of the one-half of the surplus one per cent, tax is involved, is, in fact, a part of the amendment proposed by joint resolution 110 of 1894, and adopted.
Judgment affirmed.
Miller, J., recused.