UNITED STATES ex rel. FISHER v. BOARD OF LIQUIDATION OF CITY DEBT.

(Circuit Court of Appeals, Fifth Circuit. June 9, 1896.)

No. 365.

**1. CONSTITUTIONAL LAW—TITLE OF ACT—LOUISIANA CONSTITUTION.**
    It seems that the act of the legislature of Louisiana, No. 136 of 1894, entitled "An act to provide for the payment of the salaries and expenses of the public schools of the city of New Orleans," the real purpose of which is to dispose of the surplus of the 1 per cent. tax authorized by the constitutional amendment of 1890, by providing for the payment to the New Orleans school board of certain sums accruing from such tax, and distributing the remainder among the holders of judgments against such board, is repugnant to article 29 of the constitution of Louisiana, providing that every law shall embrace but one object, and that object shall be expressed in its title.

**2. SAME—ACT OF LOUISIANA No. 136 OF 1894.**
    The act of the legislature of Louisiana, No. 36 of 1890, is made, by the joint resolution proposing the constitutional amendment of that year, a part of such amendment, and the amendment having been adopted, and Act No. 36 of 1890 having provided for the disposition of the surplus of the 1 per cent. tax authorized by the amendment, the legislative power to dispose of such surplus was thereby exhausted; and Act No. 136 of 1894, attempting to make a new disposition thereof, is unconstitutional and void. Fisher v. Board, 48 La. Ann. 1077, 20 South. 163, followed.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Chas. Lonque, for plaintiff in error.

A. E. O'Sullivan and Branch K. Miller, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PARDEE, Circuit Judge. This is a mandamus proceeding to enforce the collection of a certain judgment obtained by the relator in the circuit court of the United States for the Eastern district of Louisiana against the board of directors of the city schools of New Orleans, and by its terms made payable out of the school taxes levied by the city of New Orleans for the years prior to 1879. The relief prayed for is that the board of liquidation of the city debt be ordered to carry into execution Act No. 136 of the legislature of Louisiana for the year 1894, and pay said judgment in due course of law. The answer, among other defenses not necessary to mention, is that Act No. 136 of 1894 is in violation of the constitution of the state of Louisiana, in respect to its title, and in the matter of attempting to dispose of the surplus of the 1 per cent. tax provided for by the amendment to the constitution adopted in 1890, because the legislative authority under the said amendment to dispose of such surplus had been exhausted by previous legislation. There was a waiver of a jury, a finding of facts by the judge, and an adverse judgment to reverse which the relator prosecutes this writ of error.

The facts found by the court below are sufficient to warrant the relief prayed for, if Act No. 136 of 1894 is constitutional, and therefore

the question before us is limited to that inquiry. Article 29 of the constitution of the state of Louisiana provides that every law enacted by the general assembly shall embrace but one object, and that object shall be expressed in its title. The title to the act in question is as follows: "An act to provide for the payment of the salaries and expenses of the public schools of the city of New Orleans." The real purpose of the act, as shown by the provisions therein, is to dispose of the surplus of the 1 per cent. tax authorized by the constitutional amendment of 1890, by providing for the payment to the school board of the city of New Orleans of certain sums accruing from the taxes for the years 1892, 1893, 1894, 1895, and 1896, and then distributing the remainder among the holders of judgments theretofore or thereafter rendered against the board of school directors, whether absolute or not. If the intent of article 29 of the constitution is to require that the title of an act of the legislature shall indicate the real object and purposes of the act, then it seems that the title of said Act No. 136 of 1894 falls short of the constitutional intent. In a late decision rendered by the supreme court of the state of Louisiana between these same parties, where similar relief was demanded under the same law, the supreme court holds the law unconstitutional in respect to the subject-matter thereof. In the opinion filed in the case it is said:

"Joint resolution No. 110, of session 1890, proposing an amendment to the constitution, which was adopted, provides that after paying annual interest on constitutional bonds and bonds not retired, and the payment of the allotment of premium bonds and premiums extant in the funds, at such time and of such amount as the legislature prescribes, the surplus of the one per cent. tax employed for the above purpose shall be disposed of as prescribed by the legislature. Act No. 36, in the same year, was passed to carry out the amendment, if adopted; and in the amendment Act 36 is approved and confirmed, in all its parts, as a contract between the city of New Orleans and the holders of bonds. There is no right of any bondholder involved in this controversy, but the act was to follow the amendment, and become a part of it, so far as the subject-matter referred to in the amendment is to be explained or interpreted, or rights acquired under it are affected. Section 8 of the act, referring to the surplus of the one-mill tax, devotes one-half of it to a permanent public improvement fund. The other half of said surplus shall be paid over to the school board of the city of New Orleans, to be used in the maintenance and support of the public schools in said city. The amendment gave the power to the legislature to dispose of the surplus of the one per cent. tax. Under the power thus given, and simultaneously with the adoption of the amendment, it disposed of the one-half per cent. tax to the school directors of the city of New Orleans for the support and maintenance of the public schools of New Orleans. This disposition of the surplus tax cannot be diverted from its destination by subsequent legislation. Paragraph 4 of section 1, Act 136 of 1894, is in conflict with Act 36 of 1890, which, so far as the disposition of the one-half of the surplus one per cent. tax is involved, is in fact a part of the amendment proposed by joint resolution 110 of 1890, and adopted." Fisher v. Board, 48 La. Ann. 1077, 20 South. 163.

Paragraph 4 of section 1, Act No. 136 of 1894, referred to in the last clause in the above quotation, evidently means paragraph 4 of section 3 of said act, because section 1 constitutes only one paragraph, while paragraph 4 of section 3 is the particular part of the said act on which the relator in the case relied for relief, and is as follows:

"It shall, after making the payment aforesaid, distribute any amounts remaining in its hands and accruing to said school board, among the holders of judgments so recorded with it, in the order of their registry until the same shall have been paid in full."

A decision of the last court of the state as to the constitutionality and effect of an act of the legislature of the state is generally controlling authority in the United States court. It is true, there are exceptions, but the case here presented is not one of them; and, even if it were, for the reason that the instant case was submitted in this court before the announcement in the supreme court of the state, we are of opinion that the plaintiff in error herein would not be benefited. Aside from our doubts as to the constitutionality of the said Act No. 136 of 1894, because of its misleading and defective title, our own examination of the joint resolution "proposing an amendment to the constitution providing for the funding of the bonded debt of the city of New Orleans," etc., approved July 8, 1890, distinctly makes the act of the same session (No. 36) entitled "An act to carry into effect the constitutional amendment at the present session relative to the bonded debt of the city of New Orleans," etc., a part of the amendment, and said Act No. 36 distinctly provides for the disposition of the surplus of the 1 per cent. tax; and, as the proposed amendment was adopted, it follows that the legislative power to dispose of the surplus of the 1 per cent. tax was exhausted before Act No. 136 of 1894 was passed. The judgment of the circuit court should be affirmed, and it is so ordered.