(98 South. 860)

No. 23940.

## MARTINEZ v. ORLEANS PARISH SCHOOL BOARD.

(Jan. 7, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Limitation of actions** ⊜=48(6)—**Prescription did not run against action on school certificates until passage of act recognizing right to sue.**

Act No. 214 of 1912, § 68, par. (b), recognized a cause of action on school certificates issued under Act No. 36 of 1873 before the funds therefor might be collected. *Held,* that as such action was not previously maintainable in the absence of available revenues, prescription did not run until the passage of the act, so that a suit on the certificates filed in 1917 was not barred under the prescription of 10 years provided by Rev. Civ. Code, art. 3544.

2. **Judgment** ⊜=252(1)—**Always competent to allow plaintiff less than he demands.**

It is always competent for the court to allow a plaintiff less than he demands, and to award a judgment payable out of a certain fund, or executory only as to certain property, is merely to award him less than he prays for.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Suit by Richmond J. Martinez against the Orleans Parish School Board. Judgment for defendant, and plaintiff appeals. Judgment set aside, and case remanded.

Charles Louque, of New Orleans, for appellant.

Ivy G. Kittredge, City Atty., and Roland B. Howell, Asst. City Atty., both of New Orleans, for appellee.

By Division A, composed of O'NEELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. Plaintiff, as the owner and holder of certain school certificates, sued the Orleans parish school board to recover the sum of $8,934.36 with legal interest thereon from judicial demand. The certificates in question were issued under the provisions of Act No. 36 of 1873 for unpaid salaries of teachers and other expenses of maintaining the public schools of the parish of Orleans during the years 1874, 1875, and 1876.

Defendant excepted to plaintiff's petition as disclosing no cause of action, and also pleaded the prescription of 3, 5, and 10 years to plaintiff's demand. The district judge maintained the exception and the plea of prescription of 10 years. A new trial was applied for and refused, and plaintiff appealed.

The petition, which is exceedingly brief, simply avers that plaintiff is the owner and holder for value of the certificates sued on, and concludes with a prayer for judgment against defendant for the amount thereof. There is no allegation that defendant has in its possession any moneys out of which the judgment sought can be satisfied, nor is it set forth that there are any funds in hand arising out of the tax revenues anterior to the year 1879.

The exception of no cause of action is based upon the failure of plaintiff to allege the existence in the treasury of the defendant of funds derived from taxes levied prior to the year 1879, the contention of defendant being that the certificates sued on are payable only out of the revenues of the years for which they were issued, and only when said revenues are collected and in the manner provided by the statute.

The plea of prescription is grounded upon the proposition that plaintiff's action is personal, and as such is prescriptible in 10 years.

The district judge was of the opinion that one or the other of defendant's pleas was good, because, if plaintiff's cause of action did not arise until there were funds in hand derived from the collection of taxes for the years prior to 1879, the exception was well founded; on the other hand, if plaintiff was within his right in bringing the action in the form in which it was instituted, the cause or right of action was more than 40 years old, and therefore prescribed by the prescription of 10 years under the provisions of article 3544, R. C. C.

This court has held that school certificates of the character declared upon in the instant case "are payable only out of the revenues of the years for which they were issued, and only when said revenues are collected and in the manner therein" (in the statute) "provided." Labatt v. City of New Orleans, 38 La. Ann. 283; Fisher v. School Board, 44 La. Ann. 184, 10 South. 494; Gasquet v. School Directors, 45 La. Ann. 342, 12 South. 506; Fisher v. School Directors, 48 La. Ann. 1077, 20 South. 163.

All of these decisions, however, were prior to the year 1912, and plaintiff contends, in oral argument and in brief, that they are inapplicable to the present issue, and that the method of pleading and form of prayer adopted in said cases are no longer requisite by reason of the enactment of Act 214 of 1912 and Act 120 of 1916.

[1] Whatever may have been the status of these school certificates under the statutes and jurisprudence prior to the year 1912, it seems clear that a radical change was produced therein by the enactment of Act No. 214 of that year. Section 68, paragraph (b) of the act plainly gave (or recognized) a cause of action on such certificates before the funds might be collected by making provision for the payment of "any indebtedness of previous years reduced to final judgments liquidating and fixing the amount of indebted-

ness, whether the judgments be absolute or limited to the revenues of any year." Accordingly, no cause of action arose, and hence no prescription began to run on claims so situated until the year 1912. Since that year the reverse is true. This suit, however, was filed in 1917, so that the prescription of 10 years pleaded (and applicable) had not yet accrued. So long as the doctrine announced in the cases cited supra remained unchanged, plaintiff would not have been allowed a cause of action, and hence prescription could not run against him.

Act No. 120 of 1916, § 56, par. (a), merely reduces the amount of the percentage to be applied to the payment of the claims as liquidated and established by final judgments.

Counsel for plaintiff urges that, if the prayer of the petition be found to be too broad and to ask for more relief than he is entitled to, the court can nevertheless grant him such redress as the nature of the case demands.

[2] It is always competent for the court to allow a plaintiff less than he demands; and to award plaintiff a judgment payable only out of a certain fund or executory only as to certain property is merely to award him less than he prays for, viz. an absolute judgment. Francez v. Francez, 152 La. 666, 94 South. 203.

We are therefore of opinion that the exception of no cause of action and the plea of prescription should be overruled, and the case remanded for further proceedings, in which, after due trial, plaintiff should be awarded judgment for the amount of such of the certificates sued on herein as he may prove to be correct and valid, and restricting the payment thereof to the fund derived from the percentage of the revenues of the defendant school board set aside for the purpose of paying the judgment creditors of said defendant board under the provisions of section 56, paragraph (a) of Act No. 120 of 1916, and in the manner therein provided.

For the reasons assigned, it is therefore ordered, adjudged, and decreed that the judgment herein appealed from be set aside, and it is now ordered that the exception of no cause of action and plea of prescription filed by defendant herein be overruled, and that this case be remanded to the lower court for further proceedings and trial in accordance with the views herein expressed.