O’NIELL, O. J.
 

 This case was here before, on an appeal taken by the plaintiff from a judgment sustaining an exception of no cause or right of action and a plea of prescription of ten years. On that appeal the judgment of the civil district court was reversed, the exception of no cause or right of action and the plea of prescription were overruled, and the case was remanded to the civil district court for trial, on its merits. Martinez v. Orleans Parish School Board, 155 La. 116, 98 So. 860. Having tried the case, the civil district court gave judgment for the plaintiff for the amount sued for, with legal interest from judicial demand. The defendant has appealed from the decision.
 

 The plaintiff is the holder of a batch of school certificates, about 213 in number, amounting to $8,934.26, issued by the then board of school directors, in 1874, 1875 and 1876, under the provisions of Act No. 36 of 1873, for teachers’ salaries and other expenses of the public schools in the city of New Orleans. It was held in Labatt v. City of New Orleans, 38 La. Ann. 283, Fisher v. School Directors, 44 La. Ann. 184, 10 So. 494, Gasquet v. School Directors, 45 La. Ann. 342, 12 So. 506, and Fisher v. School Directors, 48 La. Ann. 1077, 20 So. 163, that such certificates were payable only out of the revenues of the years for which they were issued and only when the revenues were collected.
 

 In 1912, however, by Act No. 214 of that year, the Legislature made provision for the payment of judgments against the school board for the parish of Orleans, “whether the judgments be absolute or limited to the revenues of any year.” In section 68 of the act, in subsection (a), the school board was required to limit its annual budget of expenditures to 95 per cent, of its estimated revenues, and, in subsection (b), it was provided that, at the end of each year, after payment of all of the expenditures budgeted, the board should apply the surplus of 5 per cent to any indebtedness of previous years reduced to final judgments liquidating and fixing the amount of the indebtedness, whether the judgments were absolute or limited to the revenues of any year. Hence we held, in our former ruling in this case, that the right of action of the plaintiff did not arise until the adoption of the act of 1912, and that, inasmuch as the suit was brought within ten years after the passage of the act, the action was not prescribed. Appellant’s counsel contends, with considerable force of argument, that the act of 1912-was not intended to give a right of action to any one whose right of action was already barred by prescription, but was intended merely to provide for the payment of such judgments as were already obtained or yet obtainable. The ruling which we made, however, appears to be supported by the ruling made in Gasquet v. School Directors, 45 La. Ann. 342, 12 So. 506, where it was said,
 
 *117
 
 with reference to certificates similar to the certificates sued on in this case: “These certificates were not payable at any fixed date, but out of particular funds, and only when such funds, so applicable, are actually covered into the treasury; and prescription only runs from the date when such funds were found in the treasury. It is not proved, and we cannot assume, that such funds existed beyond the term of either the five or ten years’ prescription.” Be that as it may, and whether our ruling in the former appeal in this case shall or shall not govern future cases, it is the law of this case.
 

 On its merits, the case is governed by the ruling in Gasquet v. School Directors, 45 La. Ann. 342, 12 So. 506. In the syllabus of the decision it was said, of the certificates of the same tenor as the certificates held by the plaintiff in this case:
 

 “The title of plaintiff depends on' proof of indorsement of the certificates by parties to whom they were payable. As to the mass of certificates, sufficient proof is made, but, as to certain designated classes, proof is wanting.”
 

 In the opinion itself, in that case, the court, after reviewing the circumstances which constituted corroborative evidence of the genuineness of the endorsements on the so-called “mass” of the certificates, based its decision on the' testimony of a witness who identified the signatures of the payees, and the court rejected the certificates on which the signatures of tile payees were not so proved, thus:
 

 “We are not, therefore, disposed to insist on too great strictness, and the evidence brought up is, in our opinion, sufficient to establish the genuineness of the indorsements on nearly all the certificates.
 

 “The main witness is one, C. W. Boothby, who, during most of the period covered by the certificates, had been superintendent of the public schools, or a member of the board and chairman of the committee on teachers, in which capacities he received weekly and monthly reports, and many other communications, from the teachers, and also had the duty of superintending the pay rolls, and seeing that they were properly signed by the teachers and other employees.
 

 “He thus, from constant inspection, became, naturally, well acquainted with their signatures ; and we find nothing incredible in his ability to recall them, when exhibited to him, even after the lapse of years. * * *
 

 “There are, however, a number of certificates as to which judgment of nonsuit must be given.
 

 “We classify these as follows:
 

 “(1) The certificates in the names of the following parties, specially referred to in the testimony, and as to which there is a clear failure of proof of indorsement, viz.: [Here were given the names of 28 persons to whom certificates were issued.]
 

 “(2) All the certificates which are not indorsed by the original parties, but by others per procuration or power of attorney from them. As to those, in most instances, the signatures of the agents are not proven, and in none is the agency established.
 

 “(3) One or more certificates which are not indorsed at all.”
 

 Among the certificates sued on in this case we find 7 that are not indorsed at all; 19 indorsed not by the persons to whom they were issued but by other parties per procuration, without any proof of authority, or proof of the genuineness of the signatures of the parties who made the indorsements; 16 eer
 
 *119
 
 tifieates on which the names of the indorsers do not correspond with the names of the persons to whom the certificates were issued; and 10 certificates purporting to be indorsed by parties other than the parties to whom the certificates were issued, 9 of which certificates purport to bear the “mark” of the parties to whom they were issued, and one of which does not even have the so-called “mark” to represent the signature of the party to whom it was issued. The other certificates — about 161 in number — -appear to have been indorsed by the parties to whom they were issued, but, as to these certificates, no one undertook to identify the signature of any one of the supposed indorsers; and it would seem almost incredible that any one could identify these signatures fifty years after they were written. We are constrained, therefore, to follow the ruling in the Gasquet Case, and dismiss this suit, as in case of nonsuit.
 

 In the opinion which we rendered in this ease, on the exception of no cause or right of action and on the plea of prescription, we did not direct attention to the fact that, under the ruling in the Gasquet Case, the plaintiff would be required to prove that the certificates which he holds were indorsed or assigned by the parties to whom they were issued. We said that the plaintiff should be given judgment for the amount of such certificates as he might prove to be correct and valid; but we did not mean by that to dispense with proof of the assignment or indorsement of such certificates. In fact, the only issues that we were then called upon to decide — and therefore the only issues that we did or could decide — were such as had reference to the exception of no cause or right of action, and the plea of prescription.
 

 The judgment appealed from is set aside, and the plaintiff’s suit is dismissed, as in case of nonsuit, and at his cost.