150 So. 6

COIGNET et al. v. LOUISIANA CYPRESS LUMBER CO., Limited.

No. 31550.

July 7, 1933.

Rehearing Denied Oct. 3, 1933.

Dart & Dart, of New Orleans, and Wurzlow & Watkins, of Houma (Louis C. Guidry and H. Grady Price, both of New Orleans, of counsel), for appellant Canal Bank & Trust Co.

J. A. O. Coignet and Roland B. Howell, both of Thibodaux, and Charles T. Wortham, of Donaldsonville, for appellees.

ROGERS, Justice.

Plaintiffs, the grandchildren of Charles Francois Gaude, brought this suit against the Louisiana Cypress Lumber Company, Limited, to recover $32,000 as damages for the alleged illegal cutting of cypress timber on a certain tract of land owned by them. Plaintiffs allege that the trespass was committed "some time during the year 1901, or thereabouts," but that they learned of the trespass only on July 9, 1928. Their suit was filed on February 18, 1929.

After A. B. Hagen, who had been cited as the manager of the defendant corporation, filed certain documents in the record showing that the corporation had been dissolved on December 31, 1927, and its assets distributed to its sole stockholder, the estate of Joseph Rathbone, represented by the Canal Bank & Trust Company, as trustee, a supplemental and amended petition was filed reciting these facts and making the bank, as trustee of the Rathbone estate, the defendant in place of the Louisiana Cypress Lumber Company, Limited.

Defendant then excepted to the jurisdiction of the court, to the order permitting the filing of the supplemental petition, and to the petitions as disclosing no cause or right of action. The exceptions were overruled, and defendant filed its answer, denying the material facts of plaintiffs' petitions, except as to the dissolution of the lumber company; and, in the alternative, only if it should appear that the lumber company had committed the alleged trespass, pleaded the prescription of one year in bar of plaintiffs' action.

The court below rendered judgment in plaintiffs' favor for $3,600, with interest and costs, and from the judgment defendant prosecutes this appeal.

Defendant has not argued its exceptions, and we assume it has acquiesced in the rulings of the trial judge thereon. Therefore we shall consider only the merits of the case and the alternative plea of prescription filed by defendant.

Plaintiffs' ownership of the land and the timber thereon is not disputed. The lumber company owned the timber on the adjoining tract which at one time had been sold to Maria Flowers (widow Collins).

The trial judge found as facts that a large quantity of timber was cut and removed from plaintiffs' land some twenty-five or thirty

years ago by one George Cousins, who, was employed by the Louisiana Cypress Lumber Company, Limited, to cut and remove the timber owned by it in that territory. And that the timber cut on plaintiffs' land, together with the timber cut on the lumber company's land, was delivered by Cousins to the lumber company's plant, where it was manufactured into lumber and marketed by the lumber company.

The trial judge also found as a fact that knowledge of the trespass complained of did not come to plaintiffs or their authors in title prior to July 9, 1928.

■ Answering defendant's contention that plaintiffs and their ancestors should have known or could have acquired knowledge of the trespass, the trial judge found that: "The land trespassed upon is approximately three miles from the bayou Lafourche, upon the banks of which the residences of the population, including that of plaintiffs, in that section are congregated; the depth of open or cultivated land at that point probably does not exceed a mile or a mile and a half—beyond that is the expanse of swamp itself, a region offering but small lure to the farming population that peoples the bayou front settlement. No doubt it was generally known to the front inhabitants that the timber was being removed from the swamps in the rear; equally no doubt that they assumed and took it for granted that a timber business being prosecuted by a reputable and reliable milling enterprise would confine itself to its own holdings, and needed no special watching. That plaintiffs or their ancestors did not institute an investigation under the circumstances, is

an evidence of their sense of security against wanton trespass, rather than of negligence that could be characterized as unreasonable under the circumstances."

Our examination of the record has satisfied us that these findings of fact by the trial judge are amply sustained by the evidence.

■■ Defendant concluded its answer by setting up in the alternative the prescription of one year as a defense to plaintiffs' suit. The plea is predicated on defendant's theory that the trespass, if any, was committed prior to July 22, 1901, and that therefore plaintiff's action is subject to the prescription provided by article 3536 of the Civil Code, and not the prescription provided by Act No. 33 of 1902, which became effective in the parish of Lafourche, where the trespass occurred, on July 22, 1902.

Under article 3536 of the Civil Code, actions resulting from offenses and quasi offenses, including the cutting and removal of timber, are prescribed by one year, which prescription, under article 3537 of the Civil Code, runs from the day the damage is sustained. But under Act No. 33 of 1902, amending and re-enacting article 3537 of the Civil Code, where timber is cut and removed, the prescription of one year runs only from the day the owner of the timber receives knowledge of the damage.

Defendant argues that the prescription of one year had already run and been accomplished prior to July 22, 1902, and therefore plaintiff's action must be decided according to the law as it stood before Act No. 33 of 1902 became effective in the parish where the trespass was committed.

After carefully reviewing the testimony of all the witnesses who testified as to the actual or probable time and year when the plaintiffs' timber was cut and removed from their land, the trial judge found there was no warrant for designating any period of time prior to July 22, 1901, as the date when the trespass was completed. "That being true," the trial judge concluded, "the prescription of one year cannot be sustained as having already run and accrued upon the date the amendment of 1902 went into effect." And he held that, defendant having failed to affirmatively establish the facts relied upon to support the prescription, the plea must be overruled.

We find no error in this. We think the trial judge correctly appreciated the facts adduced on this phase of the case. And it is well settled that the party pleading prescription must prove the facts necessary to sustain the plea. Phipps v. Snodgrass, 31 La. Ann. 88; Gasquet v. Board of Directors of City Schools, 45 La. Ann. 344, 12 So. 506; Hunter v. Martien, 135 La. 351, 65 So. 486.

Defendant's argument that the trial judge erred on the question of the burden of proof under the plea of prescription is untenable. The plea rests entirely upon defendant's assumption that plaintiffs' action is prescribed under articles 3536 and 3537 of the Civil Code as they existed prior to the amendment of article 3537 by Act No. 33 of 1902. In order to bring itself within the provisions of the codal articles, which establish a prescription of one year from the date of the trespass, the burden was clearly upon defendant to show that a year had elapsed between the infliction of the damage and the date Act No. 33 of 1902 became effective in the parish of Lafourche. Since defendant was unable to do this, the only burden resting upon plaintiffs claiming the exemption from the prescription pleaded was to show when they acquired knowledge of the wrongful act. Spyker v. International Paper Co., 173 La. 580, 138 So. 109; Erwin v. Lee Lumber Co., 163 La. 191, 111 So. 673; Ducros v. St. Bernard Cypress Co., 164 La. 795, 114 So. 654.

Defendant complains the trial judge did not specifically pass upon the question urged in argument that the ancestors of all the plaintiffs, except Miss Octavie Coignet, had died long subsequent to the date of the alleged trespass, and therefore plaintiffs, as their heirs, could not avail themselves of the exemption from the general rules of prescription granted by article 3537 of the Civil Code as amended by Act No. 33 of 1902 without first showing that their ancestors were ignorant of the trespass.

Defendant's complaint is inconsistent with its objection urged on the trial of the case, which was sustained, of immateriality of all testimony tending to show want of knowledge of the trespass on the part of plaintiffs' ancestors. However, the argument on the point was apparently considered by the trial judge. We quote the following from the painstaking and able written opinion filed by him, viz.: "It is suggested that the cutting and removal of timber in the swamp east of the bayou Lafourche was openly, publicly and noisily carried on over a long period of years, and must have been a matter of common neighborhood knowledge in the community where plaintiffs and their ancestors then lived; and that they were thereby 'put upon their guard' and, in the

practice of reasonable care and supervisorship, could and should have acquired knowledge of the trespass now complained of."

And the trial judge found no merit in the suggestion, because the location and nature of the land trespassed upon was such that neither plaintiffs nor their ancestors can be chargeable with negligence for failing to institute an investigation to ascertain whether the lumber company, a reputable and reliable milling concern, was extending its timber cutting operations beyond the confines of its own property.

■ The trial judge found that a total of 364 trees, yielding 400,000 feet of lumber, had been cut and removed from plaintiffs' land.

There is the usual conflict of testimony relative to the market value of the lumber and the cost of its manufacture. The trial judge, reconciling the conflicting testimony, fixed the cost of manufacture at $12 per thousand feet, and the sales value of the manufactured product at $21 per thousand feet, the margin between these values being $9 per thousand feet, and his judgment was rendered in plaintiffs' favor on that basis.

Apparently the parties litigant do not question the correctness of the finding of the trial judge that 400,000 feet of lumber was manufactured from the timber cut and removed from plaintiffs' land.

Defendant contends, however, that, if it be liable at all, a net value of $3 per thousand

feet would be a fair value to place on the lumber in question.

Plaintiffs have filed an answer to the appeal, in which they pray that the amount of the judgment be increased to $12,800. They contend that the value of the timber at the time they acquired knowledge of the trespass should fix the amount of their recovery. This was in 1928, at which time plaintiffs contend the average value of lumber was $40 per thousand feet, and the average cost of manufacturing the lumber, including all possible expenses, was $12 a thousand feet. The margin between these values—$28—plaintiffs argue should be the measure of their recovery for each one thousand feet of timber cut and removed from their lands. Plaintiffs have not referred us to any authority in support of their proposition.

As we appreciate the law of this state, the measure of damages due by a trespasser must be determined by the value of the timber and its manufactured product at the time the timber is cut and the lumber is sold by the trespasser. Allen v. Frank Janes Co., 142 La. 1056, 78 So. 115; State v. Rathbone, 144 La. 835, 81 So. 334.

We find nothing in the record which would justify us in disturbing the value of the timber and lumber as found by the trial judge in fixing the measure of damages due by the defendant to the plaintiffs.

For the reasons assigned, the judgment appealed from is affirmed at defendant's cost.