---

## SAME CASE.

*When a judgment has been rendered by the Supreme Court, it is too late to plead in the interval between the day on which it was rendered, and that on which it becomes final, prescription under Art. 902 C. P.*

SLIDELL, C. J.   Judgment having been rendered in this cause in the court below, against *Caldwell,* and affirmed by this court, he applied after one decree was rendered, and before three judical days had expired for leave to file a plea of prescription, the proof of which, as he contends, " appears by the mere examination of the record," and presents a case under the Article 902 of the Code of Practice.   We refused to entertain the application *ex parte,* and directed counsel to take a rule to show cause.   The appellee contends that the plea comes too late, and this is the question we have to determine.   The point is novel, and we have given it a careful consideration.

It is said in Article 3427 of our Code, which is taken from the Napoleon Code, prescription may be pleaded in every stage of a cause, even on the appeal, but it ought to be pleaded expressly and specially, before the final judgment.   The French text uses the words—*en tout état de cause—avant le jugement définitif.*

The Article 346 of the Code of Practice is as follows : Peremptory exceptions, founded on law, may be pleaded in every stage of the action, previous to the definitive judgment; but they must be pleaded specially, and sufficient time allowed to the adverse party to bring his evidence.   The French text, of which the English is an awkward translation, is in these words : Les exceptions péremptoires qui concernent le droit, peuvent être alléguées, en tout état de cause, avant le jugement définitif; mais elles doivent être opposées spécialement, et assez à temps pour que la partie adverse puisse faire la preuve contraire, s'il y a lieu.

The Article 902 of the same Code is as follows : Although, in general, parties before the Supreme Court are not allowed to plead other matters than

those which were before the inferior court, nevertheless it may depart from this rule when the exception taken is one of those which may be pleaded at any period of a cause, and the proof of it appears by the mere examination of the record. Thus prescription may be pleaded before the Supreme Court when the proof of it appears on the face of the proceedings in the lower court. But the party to whom it is opposed, shall have the privilege of demanding that the cause be remanded for trial upon that plea.

In the same Code are the following Articles: The judgments rendered by the Supreme Court shall be final, and the clerk shall deliver a copy to every person requiring it after three judicial days have elapsed from the rendering of the judgment. Art. 911. In the interval between the day on which the judgment is rendered, and that on which it becomes final, a party dissatisfied with the judgment, may apply to the court for a new hearing in the cause, and for this purpose shall present a petition, in which he shall state substantially the reasons for which he thinks the judgment erroneous, and shall cite the authorities in support of his opinion.

The argument of the plaintiff in the rule is, that he is entitled to file a plea of prescription in this court at any time before final judgment, and that, as a decree of this court is not a final decree until the expiration of three judicial days from its rendition, therefore his plea is seasonably offered.

The argument of the applicant would be unanswerable, if he were right in his construction of the words "final judgment," "jugement définitif," as used in the two Codes, in speaking of the plea of prescription. But in this lies the error.

The words "final judgment," and "jugement définitif" are used in different senses in the Code of Practice. In one sense, a judgment is said to be final, when, if rendered in the District Court, it has received the signature of the Judge; or, if rendered in this court, it has been closed by the lapse of three judicial days from its rendition. But there is another sense in which it is also used, and that is in contradistinction to an interlocutory judgment. This definition is expressly given in the Code of Practice. "Interlocutory judgments do not decide on the merits, they are pronounced on preliminary matters in the course of the proceedings." C. P. 538. Definitive or final judgments (le jugement définitif ou final) are such as decide all the points in controversy between the parties. C. P. 538. Hence, in Art. 546, it is said, the Judge must sign all definitive or final judgments after three judicial days have elapsed; and, in the subsequent chapter, a new trial is mentioned as one of the modes in which a definitive judgment (jugements définitifs) may be revised.

It is in this latter sense, the expression final judgment, (jugement définitif,) must be construed in reference to the plea of prescription. This seems to us to result from the qualification of Article 346—assez a tems pour que la partie adverse puisse faire la preuve contraire. It is also the more reasonable construction, considered with reference to the convenient administration of justice. The time of a court of justice should not be occupied with determining a cause on the general merits, only to reach the fruitless result of setting aside its decree, not because it is erroneous in the case presented, but because the litigant desires to present a new question which he might have presented before. It imposes, too, for the expense and delay upon the adversary, and conflicts with the spirit of the maxim, interest *rei-publicæ ut sit finis litium.*

The practice which the applicant desires to establish, would lead to serious inconvenience, especially in country causes, for the hearing of which only a limited time is assigned, at a stated period, once a year.

It is proper to add, that the provisions of our Code on the subject of rehearing, were clearly framed for the purpose of affording the court an opportunity of correcting an erroneous judgment, not for the purpose of raising new issues under new pleas. See also Duranton, vol. 21, p. 189.

Leave to file plea refused, at cost of applicants.