(105 So. 421).

No. 27341.

DAVIS v. NEW ORLEANS PUBLIC BELT R. R.*

In re NEW ORLEANS PUBLIC BELT R. R.

(July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⟨⟩1201(2)—Decision of Supreme Court in disposing of case and remanding cause, not for trial but for decision on merits, became law of case.

On appeal from judgment sustaining defendant's exception of no cause of action, Supreme Court's decision reversing and remanding case, not for a trial but for decision upon the merits, became law of the case, and thereafter defendant was not entitled to file an amended answer, seeking to overrule such decision, and to reopen the inquiry closed against it by such decision.

2. **Constitutional law** ⟨⟩316—Defendant held not deprived of day in court or due process because not permitted to amend answer on reversal of judgment of dismissal and remand for trial on merits.

Where public-owned belt railroad rested its defense of personal injury action on exception of no cause of action and pleas of want of negligence and contributory negligence, and went to trial on issues thus tendered, without pleading immunity from liability as governmental agency, it had its day in court, and cannot contend that it was denied due process of law because it was not permitted to file amended answer, after plaintiff's appeal from judgment sustaining exception and dismissing action resulted in reversal and remand for decision on merits.

O'Niell, C. J., dissenting.

Application by the New Orleans Public Belt Railroad for certiorari or writ of review to the Court of Appeal to review a judgment in the case of James Davis against said applicant. Writ refused.

See, also, 155 La. 504, 99 So. 419, 31 A. L. R. 1303.

Wm. McL. Fayssoux and McCloskey & Benedict, all of New Orleans, for applicant.

Edward Rightor, of New Orleans, for respondent.

THOMPSON, J. The basis for this application is that relator has not had its day in court, and has been condemned by the judgment of the civil district court, which was affirmed by the Court of Appeal, without giving defendant the benefit of due process of law.

James Davis sued the city of New Orleans for damages for the negligent killing of his son by employees of the city operating the Public Belt Railroad.

An exception of no cause of action was filed, based on the ground that the Public Belt Railroad was a governmental functionary, and not responsible in damages for torts of its servants. The exception was referred to the merits over the objection of defendant.

The defendant then, under reservation of its exception, filed an answer of general denial and a plea of contributory negligence on the part of the plaintiff's son.

A trial was had on the merits and evidence adduced, but the court sustained the ex-

──────────
*Writ of error dismissed 46 S. Ct. 106, 70 L. Ed. ——.

ception of no cause of action, and dismissed the suit under the holding of this court in the Jones Case, 143 La. 1076, 79 So. 865.

On appeal to the Court of Appeal, the judgment sustaining the exception was affirmed.

An application was then made to this court for a review of the judgment of the Court of Appeal. This court reversed the judgment of the Court of Appeal and of the district court, overruled the exception of no cause of action and remanded the case, not for a trial—for that had already taken place—but to be decided upon the merits.

In the course of the opinion we said:

"The duty of operating a public belt railroad through a commission was voluntarily assumed by the city of New Orleans in its original ordinance heretofore mentioned, which was subsequently approved and ratified by the Legislature and constitutional amendment.

"This was done solely for the private benefit of the city and its inhabitants. It is true that the said act and amendment have subsequently hedged it about with certain restrictions and limitations, but this was for the protection of the bondholders and to insure a continuance of its operations for the benefit of the people of the community. However, this has not had the effect of making it a state agency solely charged with the discharge of a governmental function; nor has there been any provision exempting it from the character of liability here claimed.

"Its nature and purpose still remain the same, i. e., that it is a department of the city of New Orleans, discharging a municipal or corporate function for private gain and for the private benefit and advantage of its inhabitants." Davis v. N. O. Public Belt R. Co., 155 La. 504, 99 So. 419, 31 A. L. R. 1303.

When the case went back, the defendant (relator here) tendered an amended or supplemental answer in which it set up that the Public Belt Railroad Company had enjoyed autonomy for more than 15 years, purely as a governmental functionary, for the benefit and advantage of the commerce of the port of New Orleans, which port is the coincident port of the entire state; that the Belt Railroad has been maintained and operated continuously during said period as merely self-sustaining; that the entire net revenue, if there should be such, would belong to the state of Louisiana for the purposes aforesaid. In concluding, the amended answer alleged that the Belt Railroad is a public agent of the state; that it has acted and acts under valid laws of the state of Louisiana and of its Constitution, and neither it nor the state can be made responsible in the absence of express statute.

The court refused to permit the amended answer to be filed, and rendered judgment against the defendant for $7,500. On appeal the judgment was affirmed by the Court of Appeal.

It is perfectly manifest that the purpose of the amended answer was to reopen the the issue, whether of law or of fact, which had been finally determined by this court. That issue, as tendered by the petition and challenged by the exception of no cause of action, was whether in establishing and operating the Belt Railroad the city was discharging a municipal and purely governmental function, or for private gain and for the benefit and advantage of the inhabitants of the city.

[1] This court held adversely to the contention then made and as now made by the Belt Railroad, and that decision became and is now the law of this case, and the district court and the Court of Appeal were right in not permitting the filing of the amended answer, which sought to overrule the decision of this court, and to reopen an inquiry which had been closed against the defendant.

[2] The defendant saw fit to rest its case on the exception of no cause of action as originally filed, and on the defense of want of negligence on its part and the plea of contributory negligence on the part of plaintiff's son. It went to trial on the merits on the issues as then tendered, without making the defense now urged, though it had ample opportunity to do so. There is there-

159 LOUISIANA REPORTS

fore no room for the assertion that the defendant has not had its day in court.

Nor has the relator been denied the benefit of due process of law.

We have considered the application for the writ on the assumption that it was made in behalf of the city. The suit as changed by the amended petition was against the city, and the judgment as rendered was against the city. The application for the writ is made solely by the New Orleans Public Belt Railroad. The city has not joined in the application. Nor has the state through its legal department asserted any claim that the Belt Railroad is a state agency, and operating on behalf of the state, and not being a part of the municipal government of the city of New Orleans.

It is therefore a matter of grave doubt as to whether the relator, independent of the city and of the state, has any interest in raising the question here presented. The relator has not been condemned, but only the city, and, as we have said, the city is no longer complaining since the refusal of a rehearing.

However, we prefer to rest our conclusion on the reasons previously given.

For the reasons assigned, the writ of review herein applied for is refused.

O'NIELL, C. J., dissents.