ROGERS, Justice.
 

 The state tax collector for the parish of Orleans sued the Up-To-Date Shoe Repairing Company, Inc., for an occupational license tax.; On the trial of the case, the district court rejected plaintiff’s demand, on the
 
 *1069
 
 ground that defendant, being engaged in a mechanical pursuit, was exémpt from the payment of any license tax. On appeal, this court annulled the judgment, and remanded the case for the purpose of permitting plaintiff to offer evidence to establish the amount of the license tax due by defendant. 175 La. 917, 144 So. 714.
 

 On the second trial of the case, defendant pleaded that the imposition of a license tax upon defendant was violative of the Fourteenth Amendment to the Federal Constitution. On plaintiff’s motion, defendant’s -plea of uneonstitutionality was disallowed, and judgment was rendered in plaintiff’s favor for the amount of plaintiff’s demand. Defendant appealed, and plaintiff moved to dismiss the appeal, which motion was denied. 178 La. 188, 151 So. 74.
 

 The trial judge was clearly correct in refusing to pass upon the plea of unconstitutionality filed by defendant after the case had been remanded to the district court. The case was remanded solely for the purpose of permitting plaintiff to offer evidence to sustain the state’s demand. And it is well set-' tied that no new issue can be raised after a case has been remanded by the appellate court for the restricted purpose of admitting evidence on a particular issue of fact. Stark v. Burke, 9 La. Ann. 344; In re Quaker Realty Co., 127 La. 208, 53 So. 526; Lehman Dry Goods Co. v. Lemoine (On Rehearing), 129 La. 382, 56 So. 324; Davis v. New Orleans Public Belt R. R., 159 La. 431, 105 So. 421.
 

 In Stark v. Burke, which was expressly approved in Lehman Dry Goods Co. v. Lemoine, Slidell, C. J., speaking for the court, well said:
 

 “The time of a court of justice should not be occupied with determining a cáuse on the general merits, only to reach the fruitless result of setting aside its decree, not because it is erroneous in the ease presented, but because the litigant desires to present a new question which he might have presented before.”
 

 Defendant formally admitted that its annual receipts for the years for which the license tax is claimed were correctly set forth in plaintiff’s demand, and the judgment under review is based on the admission.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., absent