190 So. 404

**CITY OF SHREVEPORT v. KANSAS CITY SOUTHERN RY. CO. et al.**

No. 35025.

May 1, 1939.

Rehearing Denied June 26, 1939.

A. M. Pyburn and Jos. H. Jackson, both of Shreveport, for appellant.

Wilkinson, Lewis, Wilkinson & Naff and Wise, Randolph, Rendall, & Freyer, all of Shreveport, for appellees.

PONDER, Justice.

The City of Shreveport instituted expropriation suits against four different railroad companies for the purpose of extending Allen Avenue from its intersection with Texas Avenue across the tracks and property of the railroads to Hoadley Street in order to open up a thoroughfare to relieve the congestion of traffic on its other streets in that locality. One of the suits so instituted was that of the City of Shreveport v. Kansas City, S. & G. Railway Company, 184 La. 473, 166 So. 471. When we entertained this suit we passed on all the issues except the defendant's claim for damages for the alleged inter-

ference with the defendant's exclusive enjoyment and use of its north Y track on account of the proposed street crossing the defendant's track at grade and the damages covering the cost of building an embankment in order to span the underpass when future tracks are laid. The trial jury had failed to award the defendant any damages for such. Counsel for the defendant strenuously complained at the action of the trial court wherein it struck out certain averments of defendant's answer as to items of damages with reference to these claims and then permitted testimony to be introduced on that score. The counsel contended that such action on part of the trial court tended to confuse the jury. Being impressed that the jury might have been confused we, out of an abundance of precaution, remanded the case to the lower court restricting the trial to these issues in order that the defendant might present its evidence, or in other words, have its day in court. We stated in effect that there might be some damage and, if so, the defendant was entitled to offer evidence to show such even though it might be nominal.

After this case was remanded, the defendant sought to raise issues other than those for which the case was remanded to determine. The lower court correctly refused to entertain such issues and restricted the trial to the two issues. The defendant offered no evidence as to the cost of building the embankment. The defendant offered evidence only on one issue, viz: the defendant's claim for damages for interference with the exclusive enjoyment and use of its north Y track

on account of the proposed street crossing the defendant's track at grade. On this issue the defendant offered evidence to prove two items of damage, viz.: (1) to the effect that it would be damaged $499,325 by the proposed street crossing on account of the delays and inconveniences resulting in the operations of its trains and the cost of reducing its tonnage; (2) to the effect that it would cost $50,183 to install, maintain and operate protective safety devices at the proposed crossing. It appeared that the proposed street crossing would cross the defendant's track at a point where it was curved and at grade. The street crosses through a cut on one side of defendant's track, and from a subway, under other tracks, on the other side of defendant's track. Upon trial the jury awarded the defendant $75,000 damages and the lower court rendered judgment to that effect. The plaintiff has appealed.

The defendant by its answer to the appeal seeks again to raise the issues previously determined by this Court and in the alternative asks that the award of damages be increased. We will not recite or discuss the issues previously decided by this Court in this case, see 184 La. 473, 166 So. 471, since the decision is final on those issues and has become the law of the case.

The plaintiff contends that the verdict of the jury and the judgment of the lower court erroneously awarded the defendant damages on items that are not recoverable in a suit of this nature.

The defendant contends that the award of damages should be increased. The defendant urges that in view of the fact that the proposed street crosses the defendant's track at a point and under circumstances extremely hazardous it would necessitate its trains to move very slowly and on account of there being a grade at that point the tonnage would have to be considerably reduced thereby entailing considerable cost to the defendant in carrying on its business. The defendant also urges that in view of the hazardous situation ordinary safety devices would not be sufficient and that it would have to install physical barriers, audible and visible signals, etc., at a considerable cost. The defendant contends that under these circumstances it is not only entitled to the damages awarded but is entitled to the damages asked for in their petition.

In the case of McMahon & Perrin v. St. Louis, A. & T. R. Co., 41 La.Ann., 827, 6 So. 640, 641, wherein it was held that the measure of damage recoverable in a case of this nature is the diminution in the value of the property, this Court in discussing an Article of a prior Constitution of this State containing the same provision as Article 1, Section 2 of the Bill of Rights of the Constitution of 1921, providing that private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid, stated:

"As in the case of a taking the measure of compensation is the value of the property taken, so in the case of damages, the measure of compensation is the diminution in the value of the property.

"There is no warrant for extending the liability one whit beyond this. We are simply to inquire what damage has been done to the property, i. e., to its value for rental and sale. Mere consequential injuries to the owners, arising from discomfort, disturbance, injury to business, and the like, remain, as they were before, damna absque injuria,—particular sacrifices which society has the right to inflict for the public good."

This same doctrine was approved and affirmed in the case of Opelousas, Gulf & N. E. R. Co. v. St. Landry Cotton Oil Co., 121 La. 796, 46 So. 810, citing McMahon & Perrin v. St. Louis, A. & T. R. Co., supra. The court stated therein to the effect that the measure of recoverable damages in a suit of this nature is the actual diminution in the value of the property for sale or rental and mere consequential injuries, etc. are not recoverable.

The cases of McMahon & Perrin v. St. Louis, A. & T. R. Co., supra and Opelousas, Gulf & N. E. R. Co. v. St. Landry Cotton Oil Co., supra, were cited with approval in the case of Foret v. Board of Levee Com'rs of Orleans Levee Dist., 169 La. 427, 125 So. 437.

In the case of Kansas City, S. & G. R. Co. v. Louisiana W. R. Co., 116 La. 178, 40 So. 627, 630, 5 L.R.A.,N.S., 512, 7 Ann.Cas. 831, in a suit of this nature this Court cited with approval the following doctrine:

" 'No damages will be allowed for mere interruption or inconvenience occasioned in the transaction of its business, for increas-

ed liability to accident at the crossings, for being required by statute or ordinance to stop at the crossings,' and the like. 3 Elliott on Railroads, § 1127."

In the case of Vicksburg, A. & S. Ry. Co. v. Louisiana & A. R. Co., 136 La. 691, 67 So. 553, in a similar case, wherein damages were claimed for future collisions as a result of the crossing, for loss of time in stopping the trains in conformity with the rules of the railroad commission, from having to reduce the weight of the trains owing to the steepness of the grade at the crossing and the consequent difficulty of starting again after a stop, this Court stated to the effect that they were future damages and such damages were not recoverable in a suit of this kind, citing Kansas City, S. & G. R. Co. v. Louisiana W. R. Co., 116 La. 178, 40 So. 627, 5 L.R.A., N.S., 512, 7 Ann.Cas. 831.

In the case of Chicago B. & Q. R. Co. v. City of Chicago, 166 U.S. 226, 17 S.Ct. 581, 590, 41 L.Ed. 979, it is stated:

"The plaintiff in error took its charter subject to the power of the state to provide for the safety of the public, in so far as the safety of the lives and persons of the people were involved in the operation of the railroad. The company laid its tracks subject to the condition, necessarily implied, that their use could be so regulated by competent authority as to insure the public safety. And as all property, whether owned by private persons, or by corporations, is held subject to the authority of the state to regulate its use in such manner as not to unnecessarily endanger the lives and the personal safety of the peo-

ple, it is not a condition of the exercise of that authority that the state shall indemnify the owners of property for the damage or injury resulting from its exercise. Property thus damaged or injured is not, within the meaning of the constitution, taken for public use, nor is the owner deprived of it without due process of law. The requirement that compensation be made for private property taken for public use imposes no restriction upon the inherent power of state by reasonable regulations to protect the lives and secure the safety of the people. In the recent case of New York & N. E. R. Co. v. Town of Bristol, 151 U.S. 556, [557] 567, 14 S.Ct. 437, [38 L.Ed. 269, 273], this court declared it to be thoroughly established that the inhibitions of the constitution of the United States upon the impairment of the obligation of contracts, or the deprivation of property without due process or of the equal protection of the laws, by the states, are not violated by the legitimate exercise of the legislative power in securing the public safety, health, and morals. 'The governmental power of self-protection,' the court said, 'cannot be contracted away, nor can the exercise of rights granted, nor the use of property, be withdrawn from the implied liability to governmental [253] regulation in particulars essential to the preservation of the community from injury.' See New Orleans Gaslight Co. v. Louisiana Light & H. P. & Mfg. Co., 115 U.S. 650, 671, 6 S.Ct. 252, [29 L.Ed. 516, 524]."

Subsection 9, Section 11, of the City Charter, being Act 158 of 1898, as amended by Act 220 of 1912, authorizes the City of Shreveport to, among other things, com-

pel the owners and managers of any railroad to station flagmen at street crossings and maintain lights and safety devices and warning at said crossings, and make such rules and regulations concerning such railroads as may be necessary for the safety of citizens of the city.

 Under the charter, the city is specially authorized to compel the installation of safety devices. Persons and property are subject to all kinds of burdens and restraints in order to secure the general safety, comfort, health and prosperity of the people. This power cannot be bartered away or parted with. In the case of State ex rel. City of Lake Charles v. St. Louis, I. M. & S. R. Co., 138 La. 714, 70 So. 621, a railroad company was required to maintain lights at the intersections of its tracks with the streets at its expense. In fact private property may even be destroyed in order to protect public safety. City of New Orleans v. New Orleans Public Service, Inc., 168 La. 984, 123 So. 648; City of Shreveport v. Kansas City, S. & G. R. Co., 167 La. 771, 120 So. 290, 62 A.L.R. 1512.

This Court in the case of City of Shreveport v. Kansas City, S. & G. R. Co., 169 La. 1085, 126 So. 667, 668, aptly states:

"It may be true that defendants may suffer some inconvenience and be put to some expense by reason of the extension of Allen avenue across their property. But the law in regarding railroad companies as public necessities has not extended its generous privileges to them without, at the same time, imposing upon them the burden of possible inconvenience and expense whenever the public interest or necessity requires them to assume that burden."

For the reasons assigned the verdict of the jury and the judgment of the lower court is reversed and set aside and the defendant's claim for damages rejected at its cost.