O’NIELL, Chief Justice.
 

 This is a suit on a promissory note for $3,000. It was issued» by Mrs. Mary F. Smith, now deceased, on October 18, 1921, payable on December 9, 1922, to her own order and endorsed by her. The note bears interest at 8% per annum from maturity, contains a stipulation for the payment of 10% attorneys’ fee, and was secured by a mortgage on real estate in Shreveport; but that is not important in this appeal.
 

 Mrs. Smith died intestate on April 3, 1933, leaving as her heirs five sons. One of them, Joseph B. Smith, who inherited one-fifth of his mother’s estate, died in April 1942. Mrs. • Smith had given him a general power of attorney to manage her affairs, and he had acted as her agent and attorney in fact up to the time of his death. He paid the interest on the note of $3,000 annually until August 18, 1941; and on April 12, 1933, he endorsed on the note an acknowledgment of the debt, thus: “The indebtedness as shown by the within note is hereby acknowledged this 4/12/33. [signed] Jos. B. Smith, Agt & attorney in fact.”
 

 Joseph B. Smith was survived by two of his four brothers and by the children of the two deceased brothers. The two surviving brothers and the nieces and nephews were the nearest of kin and hence the heirs at law of Joseph B. Smith. He left a will in which he named some of them as particular legatees and others as universal or residuary legatees. These heirs and legatees accepted unconditionally the succession of Mrs. Smith and that of Joseph B. Smith. This suit was brought on January 29, 1943, against the heirs and legatees, for the amount of the note, $3,000, with the interest and 10% attorneys’ fee. The defendants pleaded the prescription of five and ten years. The plaintiff in turn pleaded that prescription was interrupted by the payment of the interest on the note annually and by the acknowledgment of the indebtedness endorsed on the note by Joseph B. Smith, as agent and attorney in fact, on April 12,1933. The judge of the district court sustained the plea of prescription and dismissed the suit. The plaintiff appealed, and this court overruled the plea of prescription so far as.Joseph B. Smith’s proportionate part of the indebtedness was concerned, but sustained
 
 *1031
 
 the plea as to the share of the indebtedness inherited by the defendants from Mrs. Smith. The reason why the court held that the prescription was not interrupted except as to the proportionate share of the debt inherited by Joseph B. Smith was that the power of attorney under which he was acting as the agent and attorney in fact of his mother became null by her death on April 3, 1933.
 

 The plaintiff contended, on the former appeal, that the defendants, the two surviving brothers and the nieces and nephews of the deceased Joseph B. Smith, were estopped to deny their liability on the note, or to plead prescription, because they had allowed Joseph B. Smith to manage his mother’s estate after her death, under the power of attorney, and thus had lulled the plaintiff into a sense of security. This court held that the plea of estoppel was not well founded because the defendants had no knowledge of the existence of the note of $3,000 before the succession of their mother and that of Joseph B. Smith were opened. We- therefore sustained the plea of prescription except so far as the interest which was inherited by Joseph B. Smith' in his mother’s succession was concerned. As to that part of the debt,' which was $600 plus interest and attorneys’ fee, we held that Joseph B. Smith’s acknowledgment on April 12, 1933, was effective against him; and that the defendants, by their unconditional acceptance of his succession became liable for his share of the debt. The court expressed its opinion and decree, 206 La. 765, 770, 20 So.2d 17, 19, thus:
 

 “We think, however, the trial judge erred in dismissing the plaintiff’s suit in toto, for the evidence unmistakably shows that Joseph B. Smith interrupted the prescription accruing against his portion of this obligation by his specific acknowledgment and by his payment of the interest thereon as it became due; consequently, he is liable-for his virile share thereof and the defendants, having accepted his succession, are liable in the proportion of the respective interest each received from his estate.
 

 “For the reasons assigned, the judgment of the lower court dismissing the plaintiff’s suit is annulled and set aside and the case is remanded to the lower court in order that the amount due by each of the defendants may be ascertained and a judgment there rendered against them in accordance with the views herein expressed; all costs to be borne by the defendants.”
 

 When the case came up again for hearing in the district court the judge confined the trial to the matter of determining for what share of Joseph B. Smith’s indebtedness each one of the defendants, as an heir or legatee of Joseph B. Smith, was liable, for having accepted his succession unconditionally. Accordingly the judge gave judgment for the plaintiff for $600 with the interest and attorneys’ fee, against Wilford W. Smith for one-fourth of the amount, against Sydney Smith for one-fourth of the amount, and against Bertita Smith Compton for one-
 
 *1033
 
 half of.the amount, reserving to Bertita Smith Compton her recourse against two defendants who were nonresidents and who were not cited personally, namely, Blanchard Smith and Marian Smith. 206 La. 765, 20 So.2d 17. The plaintiff has appealed from the judgment, contending that the amount should be $3,000, plus the interest and attorneys’ fee. The defendants are not complaining of the amount of the judgment or of the apportionment of their liability.
 

 The appellant cites and relies upon the Negotiable Instrument Law, Act 64 of 1904, specifically, sections 20, 44, 64 and 66. The only sections cited that might be deemed pertinent are sections 44 and 20. Section 44 provides: “Where any person is under obligation to indorse in a representative capacity, he may indorse in such terms as to negative personal liability.”
 

 Section 20 provides: “Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of the words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability.”
 

 We express no opinion as to whether, under these provisions of the statute, Joseph B. Smith’s endorsing on the note his acknowledgment of the indebtedness as agent and attorney in fact, without disclosing the name of his principal, and without having authority to act as agent or attorney in fact for anyone, rendered him liable personally for the whole debt. That question was foreclosed by the judgment rendered by this court on the original hearing of this case, fixing the liability of the defendants at the amount of Joseph B. Smith’s share of the debt, plus the same proportion of the interest and attorneys’ fee, and apportioning the liability of the defendants for Joseph B. Smith’s part of the debt.
 

 It is true that in the opinion rendered originally by this court there was no discussion as to whether Joseph B. Smith’s endorsing the note as agent and attorney in fact, without disclosing the name of his principal and without having authority to sign as agent or attorney in fact for anyone, rendered him liable personally for the whole debt, under the provisions of the Negotiable Instrument Law; but the reason why there was no such discussion in the original opinion by this court is that no such theory of liability on the part of Joseph B. Smith was advanced by the plaintiff in the original hearing of the case, or even in his application for a rehearing. The liability of the defendants in this suit for having accepted unconditionally the succession of Joseph B. Smith is limited of course to the share of the $3,000 for which he was liable, and for which he waived prescription by the acknowledgment made on April 12, 1933. The amount of that liability was fixed at $600 plus 8% interest per annum from August 18, 1941, and 10% attorneys’ fee, by effect of
 
 *1035
 
 the final judgment of this court. That judgment is the law of this case, and is not subject to review on this appeal. When an appellate court renders a final judgment on the merits of a case, disposing of all of the issues tendered, and remands the case to the trial court for the purpose merely of having a certain calculation made, or of having certain specified facts ascertained, and with instructions to the trial court to render judgment according to the opinion rendered by the appellate court, the merits of the case are not subject to review or reconsideration by means of another appeal. Stark v. Burke, Watt & Co., 9 La.Ann. 344; Lewis v. Baker, 128 La. 92, 54 So. 482; Banahan v. Hughes, 158 La. 648, 104 So. 486; Keegan v. Board of Commissioners, 154 La. 639, 98 So. 50; In re New Orleans Public Belt Railroad, 159 La. 431, 105 So. 421; Hoey v. New Orleans Great Northern Railroad Co., 164 La. 112, 113 So. 785;. Martinez v. Orleans Parish School Board, 173 La. 114, 136 So. 287; City of Shreveport v. Kansas City S. & G. R. Co., 184 La. 473, 166 So. 471; City of Shreveport v. Kansas City S. & G. Ry. Co., 193 La. 277, 190 So. 404, 405; In re Potts & Co., 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994; Peavy-Brynes Lumber Co. v. Commissioner of Internal Revenue, 5 Cir., 86 F.2d 234; City of Orlando v. Murphy, 5 Cir., 94 F.2d 426.
 

 The judgment appealed from is affirmed; the plaintiff is to pay the costs of this appeal and the defendants all other costs.
 

 KENNON, J., did not participate in this case.