HAMITER, Justice.
 

 On a previous hearing, in which the plaintiff herein was recognized as the owner of the 281 acres of land in dispute, we remanded this case to the district court for the purpose of having determined the amounts due under existing claims for rent and taxes. Further, it was decreed that certain described instruments, affecting the land’s title and recorded in the Conveyance Records of Tangipahoa Parish, be annulled and cancelled upon plaintiff’s reimbursing some of the defendants, or depositing in the registry of the district court, the amount of taxes which the latter had paid on the property. Also, it was ordered that judgment be rendered in favor of one of the defendants (Mrs.
 
 *78
 
 Joiner) under her call in warranty. 208 La. 301, 23 So.2d 100.
 

 The district court, on the remand, received and heard further evidence and rendered a judgment carrying out the directions of our decree. Additionally, its judgment ordered cancelled from the records of Tangipahoa Parish two instruments affecting the title to the disputed property, neither of which was mentioned in the decree of this court.
 

 Complaining of the cancellation of one of these two instruments (an adjudication to the State of Louisiana for 1933 taxes) the tax collector of Tangipahoa Parish, a defendant herein, appealed to this court from that part of the judgment. The plaintiff has moved to dismiss his appeal.
 

 The appellant was duly cited in this cause; he has an interest in the determination of the litigation and is a proper party defendant; and his appeal appears to have been regularly perfected. The question of whether or not the district court had authority in law to consider and pass upon issues other than those for which the cause was remanded is one which must be decided by us on the appeal, not on a motion to dismiss the appeal.
 

 The motion to dismiss the appeal is denied.