FOURNET, Justice.
 

 This case was previously before us on an appeal taken by the plaintiff from the
 
 *360
 
 judgment of the lower court refusing to set aside and cancel from the records of Tangipahoa Parish the sale (and subsequent mesne conveyances) by the sheriff of a 281-acre .tract of land upon the tax debt- or’s failure to pay the first installment due .after the redemption of the property, in accordance with the provisions of Act 161 of 1934 as amended by Act 14 of the Fourth Extra Session of 1935, and the plaintiff’s incidental demand for an accounting of the rents and revenues derived from the property.
 

 In reversing this judgment we remanded the case to the lower court for the purpose of having the amounts due for taxes, rents, and revenues determined and we instructed the court below to render judgment accordingly, as well as to order the cancellation -of this sale and the subsequent mesne conveyances of the property involved upon the plaintiff’s reimbursement of the taxes paid by the defendant transferees. We also directed the trial judge to render judgment in favor of one of the defendant transferees, Mrs. Ella V. Joiner, under her call in warranty against the defendant Hol.stead. Alba v. Holstead, 208 La. 301, 23 So.2d 100.
 

 The trial judge rendered judgment accordingly. He, in addition, ordered the ■cancellation of the adjudication of this property to the state for 1933 taxes (recorded in C.O.B. 139 at page 576) and the redemption thereof from the state (recorded in C.O.B. 144 at page 599). The sheriff and ex-officio tax collector of Tangipahoa Parish is appealing from that part of the judgment cancelling this adjudication to the state for the unpaid taxes of 1933.
 

 After the appeal was lodged in this, court the plaintiff sought to have it dismissed but his motion was denied. 210 La. 75, 26 So.2d 292.
 

 A mere reading of the opinion and decree in the case when it was originally before this court discloses that we then and there concluded the sheriff’s sale of the property in 1938, as well as the mesne conveyances thereof, was null and void and that these instruments should be cancelled from the records of Tangipahoa Parish upon the plaintiff’s reimbursement of the amounts paid by the defendant transferees in taxes and that we only remanded the case to the lower court when we found the evidence insufficient to determine the amount paid in taxes as well as the amounts due the plaintiff under his demand for an accounting of the rents and revenues derived from this property and that we specifically instructed the lower court to annul and cancel from the public records “the tax sale of the property to J. P. Carruth of September 3, 1938, and the sale by J. P. Carruth to John C. Holstead on January 18, 1940, and the sale by John C. Holstead to Mrs. Ella V. Joiner on.November 10, 1941, * * * upon the plaintiff reimbursing the defendants, or depositing in the
 
 *362
 
 registry of the district court, the amount of taxes they paid on the property * * * all consistent with the views herein expressed.” “That judgment is the law of this case, and is not subject to review on this appeal.” Jordan v. Smith, 209 La. 1028, 26 So.2d 128. In that case the court very aptly pointed out that “When an appellate court renders a final judgment on the merits of a case, disposing of all of the issues tendered, and remands the case to the trial ■court for the purpose merely of having a certain calculation made, or of having certain specified facts ascertained, and with instructions to the trial court to render judgment according to the opinion rendered by the appellate court, the merits of the case are not subject to review or reconsideration by means of another appeal.” See the authorities cited in that case.
 

 In any event, the plaintiff in his original pleadings neither pleaded the nullity ■of the tax adjudication of 1933 nor asked for its cancellation. Consequently, the court was without authority to adjudicate in this respect.
 

 For the reasons assigned that part of the judgment of the lower court annulling and ordering cancelled from the records of 'Tangipahoa Parish the adjudication of the property in controversy to the State of Louisiana for the unpaid taxes of 1933, duly recorded in C.O.B. 139 at page 576, is annulled and set aside. Costs of this appeal are to be paid by the plaintiff-appellee.