PONDER, Justice.
This is an appeal from a judgment dismissing plaintiffs’ demands.
The plaintiff, Clarence Brandon, owner of a dwelling house and extra lot on Tulane Avenue in the City of New Orleans, and the defendant, Louis Gureasko, entered into a contract wherein the plaintiff Brandon agreed to sell the property to the defendant for the sum of $35,000 to be paid as follows, viz.: $10,000 in cash and the balance to be paid in monthly installments of $231.23 over a period of twelve years with 5% per annum interest. The contract of sale was negotiated through the plaintiff, Stassi, and it provided in the contract that if the offer to purchase was accepted that the realtor, *488 Stassi, would receive “5-4%” commission. It was provided in the contract that if either party failed to comply with the terms of the offer, if accepted, that he would be obligated and agrees to pay the agent’s commission and all fees and costs incurred in enforcing collection and damages. The contract was signed by Stassi as agent of the owner, and by the defendant which upon presentation was signed by Brandon wherein he accepted the contract with all its terms and conditions.
The contract contained a stipulation that it was subject to the approval of the defendant’s attorney. The contract provided for the deposit of 10% of the purchase price amounting to $3,500 immediately upon acceptance. This deposit was never posted.
In this suit the plaintiffs are seeking to recover $3,500, the amount required to be deposited upon acceptance of the contract, and $1,650 as realtor’s commission, attorneys’ fees and costs. Upon trial of the case in the lower court, the district judge dismissed plaintiffs’ suit. It appears from the written reasons for judgment that the lower court was of the opinion that the clause in the contract “subject to attorney’s approval” was a suspensive condition and that such approval had not been given. The plaintiffs have appealed.
The sole issue in this case is whether or not the attorney for the defendant has approved the contract.
The record shows that the contract was signed by both plaintiffs and the defendant and brought to the office of the defendant’s attorney at which time the attorney for the defendant stated that if it is what the defendant wants it looks all right to him and further stated that he was going to have the contract to purchase recorded.
Without going into a detailed analysis of the testimony presented in this case, it is sufficient to say that if defendant’s attorney did record the contract it must be considered an approval of the contract by him because it would appear to us that the recordation of the contract could be for no other purpose than to bind the owner of the property.
Counsel for the defendant, in his argument before this Court, stated that he had the contract recorded. Upon examination of the record, we find no evidence showing that the contract was recorded but in the interest of justice this case should be remanded in order to determine whether or not it was recorded.
For the reasons assigned, the judgment of the lower court is reversed and set aside. The case is now remanded to the lower court to be disposed of according to law and consistent with the views herein expressed. All costs to await the final disposition of the cause.
HAMITER and SIMON, JJ., absent.