120 So.2d 489

John A. STASSI and Clarence R. Brandon

v.

Louis GUREASKO.

No. 44110.

April 25, 1960.

Rehearing Denied May 31, 1960.

Benjamin Washastrom, M. R. Simoneaux, New Orleans, for defendant-appellee, defendant-appellant.

Jorda S. Derbes, Henry F. Yoder, New Orleans, for plaintiffs-appellees.

McCALEB, Justice.

This is the second time this case has come before us. It is a suit by a real estate broker who joins with the owner of certain property situated on Tulane Avenue in the City of New Orleans to enforce the obligation of the defendant under a written contract dated July 15, 1954, in which the latter offered to purchase the property for $35,000, to be paid on terms specified therein. This contract provided that, if the offer was accepted, the defendant would deposit with the real estate broker 10%' of the purchase price or $3,500 within ten days and, should either party fail to comply with the terms of the agreement, he would be obligated to pay the agent's commission and all fees and costs incurred in enforcing collection and damages. The contract further stipulated that it was subject to the approval of defendant's attorney.

Alleging that defendant's offer to purchase was duly accepted but that defendant thereafter failed to make the deposit as stipulated by the agreement, Brandon sought recovery of $3,500, plus $700 attorney's fees, for breach of the contract. Stassi, the realtor, sued for his commission of $1,650, plus $300 attorney's fees.

Defendant resisted these demands on the ground that his offer was conditioned upon his attorney's approval of the contract and that such approval had never been given.

On the first hearing, the district court dismissed plaintiffs' suit, being of the opinion that defendant "had reserved to himself the right to consult his attorney before finally ratifying the contract, and after consulting with his attorney he decided that the contract was not in his best interest".

Plaintiffs then appealed to this Court where the judgment was reversed on the ground that it was evident that defendant's attorney had approved the contract since counsel had stated, during oral argument, that he had the agreement recorded in the conveyance office. Finding, however, that there was no evidence in the transcript

showing that the contract had been recorded, the case was remanded for the sole purpose of establishing such fact. See Stassi v. Gureasko, 234 La. 506, 100 So.2d 487, 488.[1]

On the remand of the case it was shown that defendant's attorney had the contract recorded on July 16, 1954. After hearing this evidence the district judge, consistent with the view of this Court (see Footnote No. 1), found for the plaintiffs, as prayed for. The defendant has appealed.[2]

The main contention of defendant on this appeal is that, by the insertion of the clause "subject to attorneys approval", he intended to reserve to himself the right to consult with his attorney before finally ratifying the contract and that, since he did not confer with his attorney, the latter's recordation of the contract cannot be regarded as an approval.

■ Defendant's position is substantially the same as that taken by the district judge on the first hearing of the case. But the judge's view was reversed on the first appeal wherein this Court expressed the opinion that " * * * if defendant's attorney did record the contract it must be considered an approval of the contract by him * * *". That is the law of this case which is not subject to review on this appeal and necessarily forecloses consideration of any question as to the binding effect of the contract after approval by defendant's attorney through its recordation.

■ The rule applicable here was succinctly stated in Jordan v. Smith, 209 La. 1028, 26 So.2d 128, 130, as follows:

"* * * When an appellate court renders a final judgment on the merits of a case, disposing of all of the issues tendered, and remands the case to the

1. Under our decree the case was "remanded to the lower court to be disposed of according to law and consistent with the views herein expressed". And the views expressed in that opinion are as follows:

"The record shows that the contract was signed by both plaintiffs and the defendant and brought to the office of the defendant's attorney at which time the attorney for the defendant stated that if it is what the defendant wants it looks all right to him and further stated that he was going to have the contract to purchase recorded.

"Without going into a detailed analysis of the testimony presented in this case, it is sufficient to say that if defendant's attorney did record the contract it must

be considered an approval of the contract by him because it would appear to us that the recordation of the contract could be for no other purpose than to bind the owner of the property.

"Counsel for the defendant, in his argument before this Court, stated that he had the contract recorded. Upon examination of the record, we find no evidence showing that the contract was recorded but in the interest of justice this case should be remanded in order to determine whether or not it was recorded." See 100 So.2d 488.

2. During the pendency of this appeal, Brandon died and his heirs have been substituted as plaintiffs-appellees.

trial court for the purpose merely of having a certain calculation made, or of having certain specified facts ascertained, and with instructions to the trial court to render judgment according to the opinion rendered by the appellate court, the merits of the case are not subject to review or reconsideration by means of another appeal. Stark v. Burke, Watt & Co., 9 La.Ann. 344; Lewis v. Baker, 128 La. 92, 54 So. 482; Banahan v. Hughes, 158 La. 648, 104 So. 486; Keegan v. Board of Commissioners, 154 La. 639, 98 So. 50; In re New Orleans Public Belt Railroad, 159 La. 431, 105 So. 421; Hoey v. New Orleans Great Northern Railroad Co., 164 La. 112, 113 So. 785; Martinez v. Orleans Parish School Board, 173 La. 114, 136 So. 287; City of Shreveport v. Kansas City S. & G. R. Co., 184 La. 473, 166 So. 471; City of Shreveport v. Kansas City S. & G. Ry. Co., 193 La. 277, 190 So. 404, 405; In re Potts & Co., 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994; Peavy-Byrnes Lumber Co. v. Commissioner of Internal Revenue, 5 Cir., 86 F.2d 234; City of Orlando v. Murphy, 5 Cir., 94 F.2d 426."

The judgment appealed from is affirmed.

SIMON, J., absent and not participating.

FOURNET, C. J., absent.