MILLER, Judge ad hoc.
Trailer Enterprises, Inc. filed this suit to recover $298.80 together with interest and attorney’s fees on a promissory note exe-' cuted by the defendant, Glen Eikenbary. The defendant admitted his signature on the note but denied liability alleging a lack of consideration. The defendant reconvened for $49.80, which he allegedly paid prior to discovering the failure of the plaintiff to provide the consideration for the note. The Lafayette City Court for written reasons assigned granted judgment in favor of the plaintiff for $224.10 (the amount of the note less payments of $74.70 which the plaintiff claimed to have received) with interest, attorney’s fees, and costs of Court. Judgment was signed on January 28, 1960 and on that date the defendant appealed suspensively and devolu-tively to the Court of Appeal, First Circuit.
The bond for the suspensive appeal was not filed until March 21, 1960. On May 3, 1960 appellee moved for and this Court granted a dismissal of the suspensive appeal for the reason that the bond had not been timely filed. Code of Practice, Article 575. Therefore, the matter is before us on the devolutive appeal.
■There is no transcript of the testimony available for the evidence was not recorded at the time of the trial. The attorneys were unable to agree upon a statement of the facts proved in this case, and accordingly the Lafayette City Court Judge prepared a statement of facts in accordance with Article 603 of the Louisiana Code of Practice.
The plaintiff introduced eight exhibits in evidence, several of which would be inad-missable if objection had been made to their introduction, but offered no testimony in support of its claim. The defendant and his wife both testified that the promissory note which is the subject of this suit (Exhibit P-1) was given to secure payment for a life, health and accident insurance policy which they expected to be written and delivered to them, but which was in fact never written or delivered.
The note in question (for $298.80) was dated February 8, 1957. On that date the defendant purchased from the plaintiff a house trailer and executed another note *657 and also a chattel' mortgage in favor of the plaintiff for the sum of $4,003.80. Attached to the chattel mortgage is a Dealer’s Warranty executed by the plaintiff stating that the full amount of the down payment of $973.40 was “ * * * made by mortgagor as stated within * * * in cash or trade in and not its equivalent * * * In the face of this warranty by the plaintiff, plaintiff’s attorney still maintains that the note which is the subject of this dispute and which was dated the same day that the sale and chattel mortgage was executed, was in fact given for the difference in the value of defendant’s trade in and the amount required for the down payment.
The plaintiff contends that defendant did not purchase insurance at the time the house trailer was purchased on February 8, 1957, basing this contention on an undated release which was signed by the defendant, Glen Eikenbary stating:
“We the undersigned thoroughly understand the advantages of including the Life, Health, and Accident insurance in our mobile home contract. Even though we realize that same cannot be included at a later date, we hereby waive our option to purchase same and release the dealer and the Michigan National Bank from any obligation whatsoever in connection with said insurance.” (Exhibit P-3)
Unquestionably if this release had been executed on February 8, 1957 and was a part and parcel of the transactions of that date, it would clearly establish that the defendant did not expect to purchase life, health and accident insurance on that date. It was the trial court’s conclusion that the above quoted release had been e-xecuted on February 8, 1957.
While this is one possible conclusion, we have no testimony in the record to substantiate the theory that this release was executed on February 8, 1957. Both Mr. and Mrs. Eikenbary testified that the $298.80 note was executed for the purpose of purchasing life, health and accident insurance. Since we do not have a transcript of the testimony, we have no idea as to how they explained the hereinabove quoted undated release. However, the exhibits filed in the record by the plaintiff and by the defendant disclose that the defendant purchased one or more other trailers from the plaintiff. It is entirely possible that this undated release was given in connection with a trailer purchase made either prior to or subsequent to the purchase of February 8, 1957.
Plaintiff’s contention that the $298.80 note was given as a partial down payment is not supported by any sworn testimony. On the contrary the plaintiff is on record in one of his own exhibits as stating that the entire down payment was made “in cash or trade in, and not its equivalent”.
Plaintiff’s attorney contends that defendant’s payment of two installments which total $49.80 by check dated August 13, 1957 demonstrates that defendant knew that the debt was for the unpaid portion of the down payment and not for life, health and accident insurance. Plaintiff’s counsel argues that this must be true because defendant made this payment six months after signing the note and at a time when he had not received the insurance policy. We do not have testimony from the defendant and his wife to learn how they explain this payment. The argument advanced by his counsel is that defendant had every reason to expect that he would in due course receive the insurance policy. The record does not disclose any exhibit or written demand by the plaintiff made prior to August 13, 1957 stating that the defendant had not purchased the life, health and accident insurance. All of the correspondence in evidence and in which the plaintiff took the position that defendant had not purchased any life, health and accident insurance was dated on or subsequent to October 18, 1957. Plaintiff’s argument is persuasive but cannot be conclusive of the issue presented.
Under the Negotiable Instruments Law of this State and the jurisprudence of the Supreme Court, every nego *658 tiable instrument is deemed prima facie to have been issued for a valuable consideration. LSA-R.S. 7:24; Moss v. Robinson, 216 La. 295, 43 So.2d 613, and cases there cited. For this reason, a plaintiff suing on a negotiable instrument is not required to produce any proof of consideration when he introduces the instrument into evidence, and this remains true in spite of the fact that the defendant in his answer may have alleged lack of consideration. Absence or failure of consideration is a matter of defense as against any person not a holder in due course. LSA-R.S. 7:28. The burden is thus on the defendant of going forward with the evidence and rebutting the prima facie case in favor of plaintiff. However, if during the trial of the case the defendant offers evidence which casts doubt upon the reality or the amount of the consideration, the presumption that the note was given for value is rebutted, and the burden shifts to the plaintiff to prove consideration by a preponderance of the evidence. See Bernard Bros. v. Dugas, 229 La. 181, 85 So.2d 257.
The comment entitled “The Defenses of Want and Failure of Consideration in Negotiable Instruments” reported at 17 LLR 466 deals with the problem here presented. As stated by the author at Page 481 et seq. of the comment:
“The burden of persuasion, which Louisiana places on the plaintiff, never shifts, but remains on plaintiff throughout the trial. As previously indicated, when plaintiff has availed himself of the statutory presumption of consideration under Section 24, a prima facie case for recovery on the instrument is established. If defendant fails to introduce evidence of the alleged want or failure of consideration, or if the evidence which he adduces is insufficient to overcome plaintiff’s statutory presumption, defendant’s plea of want or failure of consideration will be rejected, and judgment will be given for the plaintiff. Under these circumstances plaintiff’s statutory presumption of consideration has sufficient probative value to meet the burden of persuasion and entitle plaintiff to a judgment. In order to overcome plaintiff’s presumption of consideration, defendant must do more than merely deny the existence of consideration, he must introduce evidence, the minimum effect of which is to ‘cast doubt or suspicion on the reality of a consideration.’ This rule is not affected by the fact that under the circumstances any evidence which could show a want or failure of consideration is peculiarly within the knowledge of the plaintiff. If defendant successfully overcomes plaintiff’s presumption of consideration the presumption and its artificial probative value are destroyed, and plaintiff is unaided in his task of meeting the burden of persuasion which has rested upon him throughout the trial. To recover on the instrument, plaintiff must now introduce evidence of sufficient probative value to prove by a preponderance of the evidence that the instrument is supported by a valid consideration.” (Footnotes omitted)
In summary, the sole testimony was that of the defendant and his wife. Due to the exhibits which are a part of the record and which cast some doubt as to the credibility of the defendant and his wife, this Court cannot say that the trial court’s refusal to believe these witnesses is manifestly erroneous. On the other hand, there is a doubt as to the reality of the consideration, and because of the lack of any sworn testimony by the plaintiff’s representatives that the note was given for value, and since it was incumbent on the plaintiff to prove consideration by a preponderance of the evidence, we do not believe there is sufficient evidence in the record to justify an affirmance of the judgment. This appellate court faces particular difficulty in assessing the weight of the respective evidence introduced because the note of evidence was not transcribed. In view of all these circumstances, our discretionary au *659 thority under Code of Practice, Article 906 footnote[1] justice requires that this case be remanded, to afford the plaintiff an opportunity to produce sworn evidence to prove the consideration for the note, with the further opportunity to the defendant to produce any other evidence rebutting such testimony. See Stassi v. Gureasko, 234 La. 506, 100 So.2d 487; Lavergne v. Indemnity Insurance Company, La.App., 84 So.2d 617.
For the foregoing reasons the judgment of the trial court is hereby set aside and this case is remanded to the trial court for further proceedings in accordence with the views herein expressed.
Judgment set aside and case remanded.

. Code of Practice, Article ' 906: “But if the court shall think it not possible' to pronounce definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refuse to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law.”