SCHOTT, Judge.
Plaintiff has again appealed from an adverse judgment after trial on remand pursuant to' our judgment at 268 So.2d 274, writ refused, 263 La. 613, 268 So.2d 675. Our stated purpose for the remand was “of establishing more conclusively the value” of the property as -of October 27, 1949, when it was acquired by Dr. Elmer, defendant. We have not reconsidered the issues discussed in the previous opinion but confine ourselves to a consideration of the trial judge’s decision that the price paid for the property by defendant in 1949 was consistent with its value.[1]
Since the purpose of considering such value was to determine whether defendant was in good faith when he acquired, and .since good faith is presumed, pursuant to LSA-C.C. Art. 3481 the burden of proof was on plaintiff to produce sufficient evidence of disparity between true value and the price paid so as to rebut the presumption in favor of defendant. Plaintiff carried this burden with evidence that within the first year after defendant bought the entire property for $3300, or about $2 per acre, they sold just 14 parcels of much less than an acre each for more than $22,000. At this point the burden shifted to defendant to disprove the now apparent disparity which was sufficient to rebut the presumption of good faith.
Defendant’s evidence fell short. In attempting to show comparable sales he relied on an abstracter who picked out from the public records transactions which he thought involved like property. Having located only a few such transactions in Jefferson Parish records, he explored the records of the State Land Office for such “comparables.” Defendant produced no expert, no real estate appraiser and no witness who saw this land but he relied exclusively on one who merely examined maps and acts of sale but who had no first hand knowledge of the quality or type of land actually purchased by defendant. This evidence was insufficient to rebut the mute evidence offered by plaintiff that defendant had paid far less than the property was worth when he acquired it.[2]
*916 The only other evidence offered by defendant was of expenditures he made in the development of the property, including the construction of an air strip, a road, a bridge and some dredging work, but all of this took place more than a year after he acquired the property and would not serve to explain why the sales of the 14 parcels in the first year were made for more than $22,000.
Accordingly, the judgment appealed from is reversed and there is judgment in favor of defendant in reconvention, The Board of Commissioners for the Lafourche Basin Levee District, and against plaintiff in reconvention, Dr. William J. Elmer, dismissing his reconventional demand at his cost.
Reversed and rendered.

. This approach is in accord with State v. Up-to-Date Shoe Repairing Co., Inc., 178 La. 1068, 152 So. 906, and In Re Quaker Realty Co., 127 La. 208, 53 So. 526.

. The trial judge found that the property was worth $6 per acre.