586 So.2d 685 (1991)
T.A. GRANT, III, et ux and James C. Steele, III, Plaintiffs-Appellants,
v.
FEDERAL LAND BANK, Federal Land Bank of New Orleans, Federal Land Bank of Jackson, Federal Land Bank Association of Monroe, Louisiana, William Crawford, Burns Wright, Wallace Ivy and J. Rex Parker, Defendants-Appellees.
Nos. 22797-CA, 23199-CA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1991.
*686 Milling, Benson, Woodward, Hillyer, Pierson & Miller by James K. Irvin, Jean M. Sweeney, New Orleans, for defendant-appellee (plaintiff-in-reconvention) Farm Credit Bank of Texas.
Rankin, Yeldell, Herring & Katz by James E. Yeldell, Bastrop, for defendant-appellee, REW Enterprises, Inc.
Preis & Crawford by Scott H. Crawford, Baton Rouge, for defendants-appellees, William Crawford Burns Wright, Wallace Ivy, and J. Rex Parker.
Theus, Grisham, Davis & Leigh by J. Michael Hart, Monroe, for plaintiff-appellant, T.A. Grant, III.
Sandoz, Sandoz & Schiff by Gerald M. Schiff, Opelousas, for plaintiff-appellant, Suzanne Grant Paxton.
Before NORRIS, LINDSAY and STEWART, JJ.
STEWART, Judge.
Plaintiffs filed a "lender liability" suit seeking, inter alia, an injunction against foreclosure on mortgaged property. Defendants filed a reconventional demand seeking recognition of the mortgages and judgment against plaintiffs for the balance due on the mortgages. At the direction of this court, the trial court entered summary judgment rejecting plaintiffs' demands and granting the reconventional demand. Plaintiffs filed motions for new trial which were denied by the trial court. Plaintiff, T.A. Grant, III, appeals the summary judgment and the denial of his motion for new trial. However, the primary issues presented for our consideration are: (1) whether plaintiff may appeal a final judgment on issues previously decided by this court, and (2) whether the denial of plaintiff's motion for new trial is subject to review where plaintiff obtained an order for appeal prior to decision on the motion. We dismiss the appeal and deny plaintiff's request for further review.

FACTS
In February 1986, plaintiffs, T.A. Grant, III, Suzanne Brunazzi Grant, and James C. Steele, III, filed suit against defendants, Federal Land Bank of Jackson (FLBJ), Federal Land Bank Association of Monroe, and several officers of the respective institutions. Plaintiffs asserted that FLBJ breached an agreement allowing plaintiffs to sell certain mortgaged property and apply the proceeds to their debt. Plaintiffs sought an injunction against foreclosure on the collateral securing approximately $16.5 million in loans and against further breaches of the agreement, damages, and an order compelling FLBJ to release certain collateral so that it could be sold with proceeds applied to plaintiffs' loan debt. In March 1986, FLBJ answered and filed a *687 reconventional demand seeking recognition of mortgages securing promissory notes and judgment against plaintiffs for the balance due on the mortgages.
FLBJ was subsequently placed in receivership by Farm Credit Administration, and REW Enterprises, Inc. (REW) was appointed as receiver. In October 1989, the trial court denied REW's motion for summary judgment; we granted REW's application for supervisory writ. On April 4, 1990, we reversed the trial court ruling, and remanded the matter for entry of summary judgment rejecting plaintiffs' demands against REW and granting REW's reconventional demand. Grant v. Federal Land Bank of Jackson, 559 So.2d 148 (La.App.2d Cir. 1990). On May 25, 1990, the Louisiana Supreme Court denied writs. See 563 So.2d 886 and 563 So.2d 887 (La.1990).
On June 5, 1990, the receiver, REW, conveyed its interest in the notes and collateral to Farm Credit Bank of Texas (FCBT) which had been substituted as a party plaintiff-in-reconvention. FCBT sought judgment in accordance with our April 4, 1990 decision. On July 13, 1990, over plaintiffs' objection, the trial court formally entered judgment in favor of the defendants and plaintiffs-in-reconvention as directed by this court.
On July 30, 1990, T.A. Grant, III (Grant) filed a motion for new trial based on newly discovered evidence. As supplemented, Grant's motion for new trial raised both new issues and issues which this court addressed in its earlier decision. Prior to disposition of his motion for new trial, Grant petitioned for devolutive appeal. An order for appeal was signed November 12, 1990. On November 26, 1990, the trial court filed a written opinion addressing the merits of Grant's motion for new trial. Grant obtained a second order of appeal on January 3, 1991, before entry of the trial court's January 30, 1991 order denying the motion for new trial. The two appeals have been consolidated for review.
Appellant, T.A. Grant, III, defines the issues for consideration on appeal as follows: (1) the sale of a litigious right; (2) failure to allow discovery; (3) the right of the borrowers to exercise rights of foreclosure or restructuring based on new evidence; and (4) unequal protection of law afforded REW in violation of the United States and Louisiana constitutions.

DISCUSSION
The scope of an appeal is limited to modifying, revising, setting aside, or reversing a trial court judgment. LSA-C.C.P. Art. 2082. We shall first address the July 13, 1990 trial court judgment, then turn our attention to the judgment denying appellant's motion for new trial.
Appellant contends that, although this court discussed restructuring in its prior opinion, it did not address "forbearance." Appellant then complains that his efforts to discuss a reasonable plan for "restructuring and/or forbearance" have been thwarted by appellees. Appellant also asserts that the D'Oench doctrine, as applied in this case, is unconstitutional because it affords unequal protection of the law.
The Louisiana Supreme Court has long recognized that,
When an appellate court renders a final judgment on the merits of a case, disposing of all of the issues tendered, and remands the case to trial court for the purpose merely of having a certain calculation made, or of having certain specified facts ascertained, and with instructions to the trial court to render judgment according to the opinion rendered by the appellate court, the merits of the case are not subject to review or reconsideration by means of another appeal.
Jordan v. Smith, 209 La. 1028, 26 So.2d 128 (1946); Alba v. Holstead, 210 La. 357, 27 So.2d 130 (1946); Stassi v. Gureasko, 239 La. 951, 120 So.2d 489 (1960). See also Hilliard v. Shuff, 280 So.2d 845 (La.App. 1973), writ denied, 282 So.2d 519 (La.1973).
In our April 4, 1990 opinion, we discussed at length the application of the D'Oench doctrine in this case, 559 So.2d at 151-155, as well as the issue of borrowers' rights under 12 U.S.C. § 2202a(b)(3). See 559 So.2d at 156. We then reversed the trial court's denial of REW's request for summary judgment, and:

*688 [R]emanded [the action] to the district court for the entry of summary judgment rejecting plaintiffs' demands against REW and granting applicant's reconventional demand after any additional proceedings which may be necessary to determine the amount due....
See 559 So.2d at 156-157. Appellant, Grant, sought review of our decision, and the determination of those two issues was final when writs were denied by the Louisiana Supreme Court. LSA-C.C.P. Art. 2166 D. The July 13, 1990 judgment against appellant, and in favor of appellees, is not subject to a second appeal on these two issues.
We now consider the January 30, 1991 judgment denying appellant's motion for new trial. The trial court's jurisdiction over all matters which are reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order for devolutive appeal. LSA-C.C.P. Art. 2088. Once the trial court's jurisdiction is divested, any judgment signed by the trial court is void for lack of jurisdiction. State in the Interest of J.A., 532 So.2d 943 (La.App. 5th Cir.1988); Welch v. Crown-Zellerbach Corp., 365 So.2d 586 (La.App. 1st Cir.1978).
A party's motion for new trial is effectively waived or abandoned when, on that party's motion, an order of appeal is entered. Mouton v. Mosley, 448 So.2d 893 (La.App. 3d Cir.1984). On November 12, 1990, appellant obtained an order for devolutive appeal prior to determination of his motion for new trial. We note that appellant's motion for new trial was, in fact, untimely. We conclude that appellant's post-judgment motion for new trial was waived or abandoned when, on his motion, the order of appeal was entered, and that the trial court's refusal to grant him a new trial is now moot.
We recognize and distinguish Overmier v. Traylor, 475 So.2d 1094 (La.1985), where the Louisiana Supreme Court stated that "an appeal granted before the signing of a final judgment is subject to dismissal until the final judgment is signed." Id. The instant case is one in which a final judgment was signed prior to the motions for new trial and appeal. In addition, Overmier squarely involved interpretation of the LSA-C.C.P. Art. 1911 procedure for entering final judgment, rather than of the exclusive jurisdiction set forth in LSA-C.C.P. Art. 2088.
The remaining issues, (1) sale of a litigious right and (2) failure to allow discovery, were first raised in the motion for new trial, which we have noted was untimely. For reasons indicated above, the trial court judgment on this motion is void for lack of jurisdiction and, having made no substantive change in the July 13, 1991 judgment, is moot. See and compare State through DHHR v. Simmons, 521 So.2d 749, at 753 (La.App.2d Cir.1988). We note that the record reflects that the trial court granted appellant's request for pretrial discovery. There is no indication of a formal request by appellant, or denial by the trial court, regarding post-trial discovery. However, no valid trial court judgment on the new issues has been presented for review.

CONCLUSION
For the above and foregoing reasons, we dismiss the appeal from the judgment denying appellant's motion for new trial. We find that appellant has presented no appealable trial court judgment for review.
Costs of this appeal are assessed to appellant.
APPEAL DISMISSED.