88 So.2d 705

**Frank B. WOOD**

**v.**

**David C. MAYO, Jr.**

No. 42585.

June 11, 1956.

Charles E. Richards, New Orleans, for plaintiff-appellant.

Normann & Normann, New Orleans, for defendant-appellee.

Felix W. Gaudin, New Orleans, for warrantor and appellee.

HAMITER, Justice.

In this petitory action plaintiff, Frank B. Wood, seeks to be declared the owner of a

lot of ground situated on the Gentilly Road in the City of New Orleans, measuring approximately 50′ by 94.6′. He alleged, and relies on, a title deraigned by a chain of mesne conveyances dating back to 1864.

Made defendant initially was David C. Mayo, Jr. who filed an answer disclaiming any right of ownership to the property and averring that he held it under a lease from Ludie J. Cochrane. Whereupon, the latter was substituted as the defendant by means of an amended petition.

Answering, Cochrane generally denied plaintiff's ownership and averred that he had acquired title in 1945 under a deed from Mrs. Annie Denny, wife of Roy S. Bowdish, both of whom he called in warranty. Additionally, he specially pleaded the acquisitive prescription of thirty years, basing it on an alleged possession held by him and his ancestors in title running back to 1903.

The warrantors, in answer to the call made on them, likewise generally denied plaintiff's title and specially pleaded the acquisitive prescription of thirty years.

After a trial the district court dismissed plaintiff's suit. In his written reasons for the judgment he observed: "* * * the Court must frankly state that the location of this particular piece of ground has never been identified with any degree of certainty.

\* \* \* \* \* \*

"The burden of proof was on the plaintiff to establish his cause beyond a peradventure of a doubt. In the Court's opinion, he has failed to do this." The district judge did not pass on the special plea of prescription of thirty years filed by defendant and warrantors.

Plaintiff appealed from the judgment dismissing his suit.

Contrary to the conclusion of the trial judge, the location of the lot of ground in dispute is readily identifiable. Two separate surveys, made respectively in 1924 and 1928 and referred to in deeds executed since those dates, clearly locate the property in accordance with established land marks, such as streets or roads that were familiar to the witnesses acquainted with the area. Moreover, the defendant alleged, and he testified during the trial, that he possessed the lot as described in plaintiff's petition; and the warrantors, in pleading prescription, averred possession thereof in them and their ancestors since 1903.

With reference to plaintiff's record title we find that it is evidenced by an unbroken and apparently valid chain of mesne conveyances affecting the property dating back to 1886. Furthermore, it antidates the record title introduced by defendant and warrantors (assuming arguendo that the two titles conflict), for theirs did not commence until 1903. Therefore, plaintiff should be recognized as the owner of the property unless his rights have been foreclosed by the acquisitive prescription

of thirty years which was specially pleaded by defendant and warrantors.

 Since the trial judge has not passed upon such plea of prescription we shall remand the case to permit his determination of it and of any incidental questions that may arise. Thereafter he shall render whatever judgment his conclusions may warrant.

For the reasons assigned the judgment appealed from is reversed and set aside and the case is remanded to the district court for further proceedings according to law and not inconsistent with the views hereinabove expressed. Costs of this appeal shall be paid by appellees and all other costs shall await the final determination of the cause.