VIOSCA, Justice.
This case was previously before us in Wood v. Mayo, 230 La. 389, 88 So.2d 705, where we stated the facts as follows
“In this petitory action plaintiff, Frank B. Wood, seeks to be declared the owner of a lot of ground situated on the Gentilly Road in the City of New Orleans, measuring approximately 50' by 94.6'. He alleged, and relies on, a title deraigned by a chain of mesne conveyances dating back to 1864.
“Made defendant initially was David C. Mayo, Jr., who filed an answer disclaiming any right of ownership to the property and averring that he held it under a lease from Ludie J. Cochrane.
Whereupon, the latter was substituted as the defendant by means of an. amended petition.
“Answering, Cochrane generally denied plaintiff’s ownership and averred that he had acquired title in 1945 under a deed from Mrs. Annie Denny, wife of Roy S. Bowdish, both of whom he called in warranty. Additionally, he specially pleaded the acquisitive prescription of thirty years, basing it on an alleged possession held by him and his ancestors in title running back to 1903.
“The warrantors, in answer to the call made on them, likewise'generally denied plaintiff’s title and specially pleaded the acquisitive prescription of thirty years.”
On that hearing the district court dismissed plaintiff’s suit stating that the particular piece of ground which plaintiff claimed had never been identified with any degree of certainty. On appeal we concluded that the location of the lot of ground in dispute is readily identifiable as the lot described in plaintiff’s petition. We further held that as the record title of plaintiff antedates- the record title of defendant and warrantors, plaintiff should be recognized as the owner of the property unless his rights have been foreclosed by the acquisitive prescription of 30 years. We remanded the case to the district court stating:
“Since the trial judge has not passed upon such plea of prescription we shall remand the case to permit his determination of it and of any incidental questions that may arise. Thereafter he shall render whatever judgment his conclusions may warrant.”
On the remand, the case was resubmitted on the same evidence and the trial court gave judgment in favor of defendant and warrantors maintaining the plea of 30 years prescription and dismissing plaintiff’s *505 suit. From this judgment plaintiff has appealed.[1]
It will not be necessary to discuss the title of either plaintiff or defendant, as that question is foreclosed by our former opinion.[2] The sole issue presented for determination on this appeal is the correctness of the conclusion of the trial judge that under the evidence presented the plea of 30 years prescription filed by defendant and warrantors has been abundantly proved and is well founded.
The property in dispute is a strip of land lying on the north side of the Old Gentilly Highway. The confusion arises from the fact that the ancient titles of plaintiff’s ancestors in title and defendant’s ancestors in title described the lands as fronting respectively on the south side and the north side of Bayou Sauvage whereas, in defendant’s title the property is described as fronting on the north side of Old Gentilly Highway. There is some dispute as to the exact location of the old bed of Bayou Sauvage, now filled, which was apparently very shallow in this vicinity and frequently dry. Some of the witnesses place this old bed of the bayou on the north side of Old Gentilly Road and within the disputed tract of land whereas others have testified that the road was built in the middle of the bayou bed and that there was water on both sides of the road. Surveys filed in the record show the bayou on the north side of the road. Regardless of the theoretical location of the bayou bed with respect to the location of Old Gentilly Highway the residents of that vicinity on the north side accepted the highway as the correct boundary because they built a barbed wire fence immediately abutting the highway in front of the disputed tract of land and other property adjacent to it.
In support of their plea of prescription, defendant and his warrantors produced nine witnesses to prove continuous, uninterrupted, public and unequivocal possession as owner of the disputed strip by defendant and his predecessors in title from 1903 to the date of the institution of this suit. In 1903 Frederick Denny, Sr. purchased the tract of land of which this strip is part and he took immediate possession thereof. After his death in 1934 his widow and heirs, who continued to occupy the property, partitioned his estate and in December, 1935 one of his children, Mrs. Anna Bowdish, warrantor herein, acquired as her share through conveyances to and from the various heirs the disputed tract of land. She sold this to defendant in 1945. It is established by the testimony of defendant’s witnesses that Frederick Denny, Sr. surrounded the property with fences, raised cattle, hogs and bees, planted crops and lived on the property. Three daughters, a daughter-in-law and a grandson of Denny, as well as three neighbors testified that there was a barbed wire fence immediately abutting the ditch on the shoulder of the Old Gentilly Highway and that some distance behind this fence and located either in the middle of the old bed of Bayou Sauvage or on the north bank of the bayou, there was another fence made of wooden barrel staves. The bayou itself from time to time was dry and Denny, and later his heirs, put cattle to graze between these two fences. North of the second fence, Denny had his hog farm. Vegetable crops were planted on occasion between the two fences. Denny renewed the front fence from time to time by using willow trees for posts. Defendant and his predecessors paid taxes on the property since 1903.
Against this testimony is that of four witnesses. Three children of Alexander *506 Francis, who at one time admittedly owned the property on the opposite side of Old Gentilly Road and extending to the Louisville and Nashville Railroad in the rear, testified that their father’s property extended partly across the highway and to the middle of Bayou Sauvage. They testified that their father used the disputed strip of land by placing cattle and planting vegetables thereon. Another witness Guy Parker, ancestor in title of plaintiff, testified that he constructed on this disputed tract of land a refreshment stand which he operated during the summer of 1926 and which he rented to three lessees during the subsequent months. He testified further that one of these lessees built an addition to the place which was used as a dance hall. None of the other witnesses in the case ever saw or heard of the dance hall or the refreshment stand although some of them lived in this vicinity all of their lives. None of the alleged lessees of Parker were produced as witnesses.
The district judge who saw and heard these witnesses concluded that defendant and his warrantors sustained the burden of proving possession. From our review of the record we agree with the district judge.
Plaintiff argues that prescription was interrupted because the disputed land was adjudicated to the State of Louisiana in 1936 for non-payment of taxes for year 1934 and that there was no redemption until December 31, 1938. It is true that acquisitive prescription does not run against the state. Ward et al. v. South Coast Corporation et al., 198 La. 433, 3 So.2d 689. That rule however has no application to the instant case because defendant’s predecessors in title had already possessed the property continuously for 33 years before the adjudication to the state and were already the owners at the time of the adjudication.
Since defendant and his ancestors in title were in continuous, uninterrupted, public and unequivocal possession as owners for a period of 30 years they are owners of the property. Articles 3499 and 3500 of the LSA-Civil Code. The district judge was therefore correct in maintaining the plea of prescription of 30 years and dismissing plaintiff’s suit.
For the reasons assigned the judgment is affirmed.

. Both in the district court and by answer to the appeal in this Court defendant, and the defendants in the call in warranty have alternatively asked reimbursement for cost of improvements, rents and other expenses in the event of a judgment for plaintiff in the petitory action.

. See Stassi v. Gureasko, 239 Ba. 951, 120 So.2d 489, and the authorities cited therein.